R. S. JONES, ADMINISTRATOR, v. ELOISE G. FRANKS, MARGARET FRANKS, KATHERINE HENRY, AND FRANK L. HENRY.

(Filed 24 February, 1937.)

**Wills § 33c—Remainder to "heirs" held to vest at time of testator's death and not death of life tenant.**

Testator left certain realty to his wife for life, "the same to revert to and become the property of my heirs in equal proportion under the rules of descent at the death of my said wife." *Held:* The words "my heirs" have a definite legal significance, and the remainder vested in the heirs as of the time of the death of the testator, and upon the death of a son of the testator prior to the death of testator's widow, the lands so devised to the son belong to his estate as against his children him surviving.

APPEAL by plaintiff from *Harding, J.,* at November Term, 1936, of MACON. Reversed.

Petition by plaintiff as administrator of estate of Sam F. Franks, deceased, to sell land to create assets to pay debts of the decedent, heard upon agreed statement of facts as to the right to the proceeds from the sale of certain lots.

From judgment that plaintiff as administrator was not entitled to the proceeds from sale of said lots, plaintiff appealed.

*Gilmer A. Jones for plaintiff.*
*G. L. Houck for defendants.*

DEVIN, J. The decision of this appeal turns upon the construction of the will of E. H. Franks, the father of plaintiff's intestate. This will contained the following provision: "I give, devise, and bequeath to my beloved wife, Ellen Franks, my two storehouses and lots on Main Street, in the town of Franklin, and my dwelling house and lot, also on Main Street in the town of Franklin, for and during the term of her natural life, and no longer. The same to revert to and become the property of my heirs in equal proportion under the rules of descent at the death of my said wife."

E. H. Franks died in 1929, and was survived by his widow, Ellen Franks, and by several children, one of whom was Sam L. Franks. Sam L. Franks died in 1933, leaving surviving him his widow, the defendant Eloise G. Franks, and two daughters, the defendants Margaret Franks and Katherine Henry. Ellen Franks, the widow of E. H. Franks and the life tenant under the quoted clause of the will, died in 1934.

The question presented is whether the ultimate takers under the will of E. H. Franks, designated as "my heirs," are to be ascertained at the death of the testator or at the death of the life tenant.

The appellees contend that the latter view should be adopted, and that Sam L. Franks being dead at the time of the death of Ellen Franks, his children took as heirs of E. H. Franks under the provisions of the will, and they contend that the language of the devise "the same to revert to and become the property of my heirs . . . at the death of my wife" indicates a testamentary intention to that effect.

But we conclude that this interpretation should not be held to prevail against the controlling effect to be given the use of the words "my heirs." These words have a definite legal significance, and their meaning here must be interpreted to designate those who answered to that description at the time of the death of the testator. This case falls within the rule laid down in *Witty v. Witty,* 184 N. C., 375, and the authorities there cited. *Westfeldt v. Reynolds,* 191 N. C., 802; *Trust Co. v. Stevenson,* 196 N. C., 29; *Stephens v. Clark, ante,* 84.

Upon the facts agreed, the administrator of Sam L. Franks is entitled to the proceeds of the sale of the land in the hands of the clerk as assets for the payment of the debts of said estate.

Reversed.