GEORGIA L. PRIVOTT, Widow, WOOD PRIVOTT and Wife, CORNELIA J.
PRIVOTT, GEORGE E. PRIVOTT and Wife, MARY PRIVOTT, JOHN
M. PRIVOTT (Unmarried), SARAH P. SPIVEY and Husband, M. R.
SPIVEY, CAROLINE P. SWINDELL and Husband, J. D. SWINDELL,
v. ANNE S. GRAHAM.

(Filed 28 September, 1938.)

**1. Wills §§ 38, 42: Descent and Distribution § 1—**

Lapsed, void or refused devises pass under the residuary clause if there be one, and in the absence of a residuary clause they descend to the heirs at law as in case of intestacy.

**2. Wills § 33c—Devise in this case held to create defeasible fee in remainder in testator's children.**

A devise in the residuary clause to testator's widow for life, with remainder over to testator's children with further provision that if any child should die leaving no issue who shall attain the age of twenty-one, the share of such deceased child should go to his living brothers and sisters, does not pass the indefeasible fee to testator's children, since all the children might die without issue attaining the age of twenty-one, in which event the testator would die intestate as to the reversion after the defeasance of the fee.

**3. Descent and Distribution § 1—**

The heirs at law of a deceased are to be determined as of the date of his death.

**4. Wills § 46: Descent and Distribution § 15—Plaintiffs held owners of fee either as heirs at law or as devisees, and could convey title.**

Plaintiffs, children of testator, were the owners of the defeasible fee in the land in question under the residuary clause of the will, and were the heirs at law entitled to the reversion if the fee should be defeated. *Held:* Plaintiffs were the owners of the land either as devisees under the will or as heirs at law of testator, and their deed would convey a good, indefeasible fee to the *locus in quo.*

PRIVOTT *v.* GRAHAM.

APPEAL by defendant from *Thompson, J.,* at Chambers in Elizabeth City, 12 August, 1938. From CHOWAN. Affirmed.

*W. D. Pruden for plaintiffs, appellees.*
*John W. Graham for defendant, appellant.*

SCHENCK, J. This is a controversy without action submitted under the provisions of C. S., 626, *et seq.*

The plaintiffs have contracted to convey to the defendant an indefeasible fee simple title to the property in controversy and have tendered her a deed purporting to convey the same with full covenants of warranty. The defendant has contracted to pay the purchase price agreed upon but has declined to accept the deed tendered and pay said price, contending that the plaintiffs cannot convey to her an indefeasible fee simple title.

The property in controversy was owned by H. C. Privott, who had an indefeasible fee simple title thereto at the time of his death. The plaintiffs are the widow and five children of H. C. Privott, and are his only heirs at law and their respective wives and husbands; and the plaintiffs also claim as devisees under the will of H. C. Privott, deceased.

The property involved was specifically devised to the testator's son, Wood Privott, one of the plaintiffs, subject to a charge of $5,000, the language of the will being:

"3rd. I give and bequeath to my son Wood the Dowdy & Wool lots on which my store and two warehouses stand, the use of which he has had in his mercantile business since Jan'y 1923—this property I value at five thousand ($5,000.00) dollars and he is to be charged with that sum against his share of my estate."

The devisee, Wood Privott, refused to accept said devise, and so notified all persons interested in the estate and attached notice of such refusal to the record of the will.

It is settled law that void, lapsed or refused devises pass by the residuary clause if there be one, *Reid v. Neal,* 182 N. C., 192 (199); Page on Wills (2d Ed.), par. 875, p. 1473; and if no such clause, they descend to the heirs at law as in case of intestacy. *Cheek v. Gregory,* 197 N. C., 761.

By virtue of the residuary clause of the will under consideration, the property in controversy went to the widow of the testator for life with remainder to his five children, who were also his only heirs at law, subject to the following provision: "If any of said children die leaving no living issue who shall attain the age of 21 years then his or her bequest shall revert to the living brothers or sisters of such deceased children share and share alike."

If the provision superimposed upon the residuary clause prevents the children from taking an indefeasible fee simple title after the death of the life tenant for the reason that all the children might die without leaving issue who would attain the age of 21 years, thereby causing the estate of the children to be defeated, and the testator to die intestate as to the reversion after the defeasance of the fee, the plaintiffs, being the heirs at law of the testator, would take this reversion. The heirs are ascertained as of the time of the death of the testator, rather than at the time of the defeasance or termination of the intermediate estate. *Baugham v. Trust Co.,* 181 N. C., 406; *Jones v. Frank,* 211 N. C., 281.

Whether the plaintiffs take by the will or by inheritance, they are the owners in fee simple of the land in controversy, and their deed tendered to the defendant conveyed to her a good indefeasible title. We are therefore of the opinion, and so hold, that his Honor's judgment that the defendant be required to accept the deed tendered and that the plaintiffs recover the price agreed upon is correct.

Affirmed.