PETERMAN and others, Respondents, vs. KINGSLEY and others, Appellants.

*October 28—November 12, 1909.*

*Partition: Who may maintain action: Estate in possession: Tenants in common: Lessees purchasing interest: Parties.*

1. A tenant in common of land leased to others may maintain an action for partition under sec. 3101, Stats. (1898), the lessees' possession being that of the owners; and if one or more of the lessees purchase the interest of one of such owners they succeed to his rights and may have partition.
2. Lessees of land are not necessary parties to an action for partition between the lessors, their rights not being affected. If the land is to be sold in such action it must be sold subject to the leases.

APPEAL from a judgment of the superior court of Lincoln county: ALMON A. HELMS, Judge. *Affirmed.*

In February, 1905, *R. G. Kingsley* and John Ross were the owners of certain real estate in the city of Merrill on which had been erected a business block. During that month a portion of the block was leased by the plaintiffs *W. F.* and *A. F. Peterman* for a period of five years at an annual rental of $1,200, payable monthly in advance. Other portions of the block were leased to other tenants, and a portion of the

real estate was not leased to any one at the time this action was commenced. The said lessees, together with *R. J. Peterman,* on or about March 1, 1907, purchased the interest of John Ross in such real estate. Since such purchase the lessees have been paying to the defendant *R. G. Kingsley* one half the amount provided for in their lease. One half the rent received from the other tenants has been paid to the defendant *Kingsley,* and the remaining half to the purchasers of the Ross interest. This was an action for partition, in which it was prayed that a sale of the premises be made in case partition could not be had without prejudice to the owners of the property. The court found that the property could not be partitioned and ordered a sale thereof. The defendants *R. G.* and *Margaret Kingsley* appeal from such order.

For the appellants there was a brief by *Van Hecke & Fisher,* and oral argument by *W. E. Fisher.*

For the respondents there was a brief by *M. C. Porter,* attorney, and *F. J. & A. H. Smith,* of counsel, and oral argument by *Mr. Porter* and *Mr. F. J. Smith.*

BARNES, J. The appellants contend that at the time the *Petermans* purchased the interest of Ross in the real estate sought to be partitioned they were in possession of a portion thereof as tenants under a lease from the defendant *Kingsley* and their grantor, Ross, which has not yet expired, and that they are still in possession under such lease, and that such possession is not sufficient to support an action for partition. Furthermore, that a sale of the premises in the partition proceeding might destroy the relation of landlord and tenant existing between *Kingsley* and the *Petermans,* and that a tenant cannot change his relationship to his landlord in any such manner. Sec. 3101, Stats. (1898), provides that joint tenants, or tenants in common, of lands may have partition thereof, and that such an action may be brought by any per-

son who has an estate in possession of the lands which it is sought to partition. Manifestly *Kingsley* and Ross were tenants in common of the parcel of land in question prior to the sale of the Ross interest. The possession of their lessees was their possession, and either might bring partition proceedings under the statute. It would be anomalous to hold that owners as tenants in common did not have an estate in possession of premises occupied by their lessees. When the *Petermans* purchased the interest of their landlord Ross they acquired all the rights in the property which he possessed and became tenants in common with their co-owner, *Kingsley,* and acquired the same right to bring partition proceedings that he had. It is true they were liable to *Kingsley* for one half the stipulated rent under the lease and that their possession thereunder was his possession. But it is also true that by virtue of their purchase, and the tenancy in common with *Kingsley* which resulted therefrom, they were in possession as owners of a half interest in the premises. The situation is not different from what it would be had the lease been made after the purchase and covered the half interest of *Kingsley* only. The plaintiffs would then be in possession of a one-half interest in the property by virtue of their ownership, and of the remaining moiety by virtue of their lease. This latter possession would also be the possession of *Kingsley*. The plaintiffs have clearly brought themselves within the provisions of sec. 3101, Stats. (1898), and were entitled to bring this action. *Hill v. Reno,* 112 Ill. 154; *Eberts v. Fisher,* 44 Mich. 551, 7 N. W. 211; *Hunt v. Hazelton,* 5 N. H. 216.

It is claimed that the various lessees in possession of the premises were necessary parties to the suit. A lessee has no right to prevent his landlord from selling the leased property subject to the lease, at least in the absence of covenants therein affecting such right. Neither can the landowner avoid a lease by making a sale of the demised property, unless it is so stipulated in the lease. Neither could the rights of the ten-

ants in this case be affected by the partition suit. We perceive no good reason why the lessees should be made parties to the action, or how their rights could be affected thereby, unless it should be held that they might resist a probable change of landlords. This they could not do. *Woodworth v. Campbell,* 5 Paige, 518. The court properly directed the premises to be sold subject to the leases, and the lessees had no such interest in the action as would entitle them to litigate the right of their landlords to make a sale of the premises, through legal proceedings or otherwise, subject to the outstanding leases.

*By the Court.*—Judgment affirmed.