No. 12,768.

McIntire *v.* Midwest Theatres Company.

(298 Pac. 959)

Decided April 13, 1931.   Rehearing denied May 4, 1931.

Messrs. Grant, Ellis, Shafroth & Toll, Mr. C. Russell Shetterly, for plaintiff in error.

Mr. Frederick Sass, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as McIntire and defendant in error as the company. This action was brought by the latter to partition property of which the parties are tenants in common.

In May, 1922, McIntire and one Gill owned theatre property in Sterling. They executed a ten year lease

thereon. In 1924 the company bought the interest of Gill and, by the consent of McIntire, became the owner of said lease, and the latter's monthly rent was reduced from $300 to $265. In consideration of these concessions, and by the writing granting them, the rent was secured by a mortgage on the property, and it was further stipulated that a failure to pay promptly should abrogate the contract and restore the former rate. The parties were unable to agree upon future plans and this action resulted. The cause was tried to the court and findings and judgment were for the company. The decree protected McIntire in his rent in the event he bought at the sale, but not otherwise. To review that judgment he sues out this writ and asks that it be made a supersedeas. The parties request final disposition on this application.

Counsel for McIntire say that the company is, by its 1924 contract, estopped to demand partition, and that the court was without power to enter such a decree. On the first proposition they cite 47 C. J., page 321, sections 130 to 132, and on the second the same volume, page 482, section 532, and page 613, section 932. They further insist that partition is, under the circumstances here disclosed, contrary to equity and good conscience.

The company stands upon the general rule that a tenant in common is entitled to partition; says the answer is a plea in abatement until the expiration of the lease; and cites section 5149, C. L. 1921, prohibiting that plea in a partition suit.

The usual rule is as stated by the company. The sole question here is its applicability. Whatever may be said of the authorities cited, the simple fact is that there is nothing inalienable about this right of partition. A tenant in common may contract it away and this company has unquestionably done so. It agreed to pay McIntire $265 a month until May 1, 1932. It secured those payments by a mortgage on the leased premises. It now seeks, by the simple expedient of partition, to release that mortgage and evade those payments, unless McIn-

tire purchases at the sale. Of course it cannot thus escape its obligation or force McIntire into additional expenditures to protect his contract.

The judgment is reversed and the cause remanded with directions to dismiss it at the costs of the company.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.