MRS. JACKSIE WOLFE AND HUSBAND, J. H. WOLFE, v. M. W. GALLOWAY, ADMINISTRATOR OF THE ESTATE OF J. M. THRASH, DECEASED; MRS. CARRIE DORSETT, P. H. THRASH AND WIFE, OLIVE THRASH; T. O. THRASH AND WIFE, LULA C. THRASH; WACHOVIA BANK AND TRUST CO., TRUSTEE, C. C. LONG AND FRANCES McIVER HEDEMAN.

(Filed 17 March, 1937.)

1. **Descent and Distribution § 12—Grandchild held answerable for advancements under facts of this case.**

Intestate's grandchild, a daughter of intestate's deceased daughter, was charged with advancements for sums paid by intestate for her schooling and expenses incurred after she was eighteen or twenty years old, but no charge was made for expenses of rearing the grandchild. *Held:* Upon the facts found by the referee the charge of advancements was correct. N. C. Code, 139.

2. **Reference § 8—**

Where the parties agree that the findings of fact of the referee and his conclusions in regard to advancements found due by the various heirs at law should be conclusive and that exceptions might be filed only to his conclusions of law, an heir is estopped to contend that the advancements charged against her by the referee were not correct.

**3. Appeal and Error §§ 26, 31d—**

Plaintiff appellant's brief was filed six days after the time required, and plaintiff's appeal is dismissed upon appellees' motion under Rule of Practice in the Supreme Court, No. 28.

**4. Actions § 5—**

The distinction between actions at law and suits in equity is abolished. Art. IV, sec. 1.

**5. Equity § 3—Equity may order sale of property for partition where necessary to complete determination of equitable cause.**

Where a court of equity acquires jurisdiction for any purpose it will proceed, as a general rule, to determine the whole cause, and where an accounting is demanded, which is an equitable matter, the court may proceed to order the sale of the property for partition between the parties in accordance with their rights as determined by the accounting, where such procedure is necessary to determine the cause, equity having jurisdiction to order a sale for partition independent of statute, although it will follow the analogous statutory provisions.

**6. Partition § 5—Necessity of sale for partition must be shown by party demanding the remedy.**

Property may be sold for partition where actual partition cannot be had with justice to all the parties, but the burden is on the party seeking sale for partition to show necessity therefor, N. C. Code, 3233, and where sale for partition is decreed by the court without hearing evidence or finding facts to show the right to sell, the cause will be remanded.

APPEAL from *Sink, J.,* at October Term, 1936, of TRANSYLVANIA. Error and remanded.

J. M. Thrash died intestate on 23 August, 1930, a resident of Transylvania County, N. C. M. W. Galloway is the duly qualified and acting administrator of his estate (succeeding J. H. Pickelsimer, who resigned). At the time of his death, the said J. M. Thrash left surviving him the following children: Mrs. Carrie Dorsett, P. H. Thrash, and T. O. Thrash, and one grandchild, Mrs. Jacksie Wolfe (plaintiff in this action), who is the only surviving child of Rosa Thrash McGaha, a daughter of the said J. M. Thrash, and said children and grandchild constitute all of the heirs at law of the said J. M. Thrash. At the time of his death, the said J. M. Thrash left a large and extensive estate, comprised both of personalty and realty. Prior to his death, J. M. Thrash, deceased, had made advancements to his children. As heirs at law of the said J. M. Thrash, Mrs. Jacksie Wolfe, Mrs. Carrie Dorsett, P. H. Thrash, and T. O. Thrash are owners of the property as tenants in common, subject to his debts and to such advancements as each has received from the said J. M. Thrash.

Plaintiffs pray: "(1) That an accounting be had by and between all of the parties hereto, to determine what, if any, advancements the heirs of J. M. Thrash have received; (2) That judgment be rendered in

accordance with the result of such an accounting; (3) That commissioners be appointed to divide and allot to each of the heirs of J. M. Thrash, deceased, their respective shares of the real estate, such allotment to take into consideration the advancements found to have been made to each of the said heirs; (4) For the costs of this action, to be taxed by the clerk, and such other and further relief as to the court may seem just and proper."

M. W. Galloway, administrator, answers, and, after setting forth certain facts, prays "that the action be dismissed as to him."

Mrs. Carrie Dorsett answers and, after setting forth certain facts, prays "that an accounting be had under the terms and provisions of the arbitration agreement herein set forth to determine what, if any, advancements the heirs of J. M. Thrash, deceased, have received."

The defendants set up a certain arbitration agreement, which was afterwards nullified by the parties and a reference agreed upon.

P. H. Thrash answers and, after setting forth certain facts, prays: "(1) That the lands described in the petition herein be divided between the plaintiff and P. H. Thrash and the other heirs in accordance with said contract and agreement referred to in the 8th paragraph of the answer of these defendants; (2) That under said contract mentioned in paragraph seven of these defendants' further answer that the advancements be ascertained thereunder; (3) That by consent, under said contract or under order of court that the said lands be divided and partitioned between the heirs at law as their interest may appear; (4) That under a proper order of court that M. W. Galloway, as administrator, be required to account to the court and the heirs at law of J. M. Thrash, deceased, for any amount which should be rightfully charged against him as such administrator upon issues to be submitted by the court or under a reference ordered by the court; (5) That M. W. Galloway be required forthwith to make his final settlement as such administrator as provided by law; (6) For such other and further relief as in the opinion of the court is just, right, and proper."

T. O. Thrash answers and, after setting forth certain facts, prays: "(1) That plaintiffs recover nothing against these defendants; (2) That an accounting be had between the parties according to the intention of the said J. M. Thrash and the agreement between his heirs; (3) That the administrator be required to file his final accounting and make distribution of such funds as he may have; (4) That the estate be partitioned according to the respective rights of the parties; (5) For such other and further relief as may be deemed meet and proper."

C. C. Long and Frances McIver Hedeman filed separate answers and, after setting forth certain facts, they allege that they have a deed of trust to secure certain notes of T. O. Thrash on his interest in the land.

"That the said lands of J. M. Thrash should be partitioned and divided among the heirs, subject to the liens and encumbrances of record, and that the administrator should be required to file his final accounting." They pray the court "(1) That they recover nothing against this defendant; (2) That the administrator be required to file his final accounting and be discharged; (3) That the estate be partitioned according to the respective rights of the parties; (4) For such other and further relief as may be meet and proper."

At April Term, 1935, the matter was referred to G. Lyle Jones.

The following agreement appears in the record: "It is agreed by and between all the parties to this action, except M. W. Galloway, administrator, that the findings and conclusions of the referee heretofore appointed in the above cause as to advances made to the various heirs at law of J. M. Thrash, deceased, shall be final and binding on all parties hereto with respect to any and all advances. Either party may except only to conclusions of law made with respect to his findings of facts in the above. Mrs. Jacksie Wolfe and J. H. Wolfe, by J. H. Horner, Jr., attorney; P. H. Thrash, by J. F. Ford and R. M. Wells; Carrie Dorsett, by Ford & Wells; John DuBose, attorney for T. O. Thrash, Lula Thrash, C. C. Long, Frances McIver Hedeman, and Wachovia Bank and Trust Co., trustee."

The referee made careful and detailed findings of fact and conclusions of law. The plaintiffs and defendants excepted to certain conclusions of law. The court below rendered the following judgment: "Now, therefore, it is ordered, adjudged, and considered that the findings of fact contained in the referee's report be and the same hereby are confirmed, and all exceptions thereto are hereby overruled; and it is further ordered, adjudged, and considered that the conclusions of law contained in the referee's report numbered 1, 2, and 3, are hereby confirmed, and all exceptions to said conclusions of law are hereby overruled; and it is further ordered, adjudged, and considered that conclusion of law No. 4 be and the same hereby is amended to read as follows;" and ordered the land to be sold by a commissioner, and how the proceeds should be distributed. All the parties, plaintiffs and defendants, heirs at law of J. M. Thrash, excepted, assigned error and appealed to the Supreme Court.

*Johnston & Horner for plaintiffs.*
*R. M. Wells and Ford, Coxe & Carter for P. H. Thrash et al.*
*DuBose & Orr for T. O. Thrash et al.*
*Ralph H. Ramsey, Jr., for Mrs. Carrie Dorsett.*

CLARKSON, J. N. C. Code, 1935 (Michie), sec. 139, is as follows: "Where any parent dies intestate, who has in his or her lifetime given

to or put in the actual possession of any of his or her children any personal property of what nature or kind soever, such child shall cause to be given to the administrator or collector of the estate an inventory, on oath, setting forth therein the particulars by him or her received of the intestate in his or her lifetime. In case any child who had, in the lifetime of the intestate, received a part of the estate, refuses to give such inventory, he shall be considered to have had and received his full share of the deceased's estate, and shall not be entitled to receive any further part or share." *Thompson v. Smith,* 160 N. C., 256; *Paschal v. Paschal,* 197 N. C., 40.

From the facts found by the referee, we think the plaintiff Mrs. Jacksie Wolfe was liable to account for advancements. The referee found that "The mother was dead and the plaintiff, the granddaughter, stood in the place of her mother and was entitled to such funds as the mother might receive, that it was his intention to charge as advancements such items enumerated above. The major part of these charges were made against Mrs. Wolfe for expenses incurred after she was eighteen or twenty years of age, and the others were principally for advantages in the way of schooling. No charges were made for expenses of rearing the plaintiff."

Then again, it was agreed that the advancements found due by the various heirs at law of J. M. Thrash, deceased, "shall be final and binding on all parties hereto, with respect to any and all advances."

The plaintiff Mrs. Jacksie Wolfe is estopped to make the contention she now makes. In her brief she says: "Plaintiffs were perfectly willing to abide by the judgment of the court and did not want to appeal, but inasmuch as the defendant appellants insisted on bringing the case to the Supreme Court, Mrs. Wolfe desires to present her contentions to the court in regard to this."

The defendants made a motion to dismiss plaintiffs' appeal "That under Rule 28 of Practice in the Supreme Court, plaintiff appellants were required to file their brief by noon 13 February, 1937, and they failed to do so until 19 February, 1937." The plaintiffs' appeal is dismissed under the rule.

As to defendants' appeal: They contend "that the jurisdiction in this action was limited to an accounting for the advancements to the various heirs, and a determination of the respective shares of said heirs in the estate left." It will be noted that the action was brought in the Superior Court (1) For accounting for advancements; (2) "That commissioners be appointed to divide and allot to each of the heirs of J. M. Thrash, deceased, their respective shares of the real estate heretofore described, such allotment to take into consideration the advancements found to have been made to each of the said heirs."

The action for an accounting is an equitable matter and was instituted in the Superior Court. Art. IV, sec. 1, Const. of N. C., reads: "The distinctions between actions at law and suits in equity, and the forms of all such actions and suits, shall be abolished; and there shall be in this State but one form of action for the enforcement or protection of private rights or the redress of private wrongs, which shall be denominated a civil action," etc. See *In re Estate of Wright,* 200 N. C., 620 (628); *Reynolds v. Reynolds,* 208 N. C., 578 (624).

In *Sumner v. Staton,* 151 N. C., 198 (201-2), it is said: "There is another principle of equity jurisprudence equally well founded, and that is that equity will not suffer a right to be without a remedy. 'And it may be further observed,' says Mr. Bispham, 'that equity will not only not support a right to be unaccompanied by a remedy, but it will make the remedy, when applied, a complete one.' This learned and accurate writer states another rule of equity courts which fits exactly such a condition as this case presents: 'When a court of chancery acquires jurisdiction for any purpose, it will, as a general rule, proceed to determine the whole cause, although in so doing it may decide questions which, standing alone, would furnish no basis of equitable jurisdiction.' Bispham (6th ed.), sec. 37. To the same effect are our own decisions. *Oliver v. Wiley,* 75 N. C., 320; *Devereux v. Devereux,* 81 N. C., 18."

In 20 R. C. L., pp. 773-774, is the following: "In this country, also, the manifest hardship arising from the division of property of an impartible nature has been almost universally avoided by statutory provisions to the effect that any person entitled to a partition shall be entitled to have the premises sold, if they are so situated that partition cannot be made, or that it would be manifestly to the prejudice of the parties if the property were not sold rather than partitioned, and some of the American courts have held that equity has such power, independently of statute. Partition by sale is a matter of absolute right when the conditions prescribed by the statute to authorize a sale are found to exist, but the burden of proof to establish the necessary requisites to a sale of land rather than a partition is on the party alleging the necessity and advisability of such sale; and it has been held that a finding that a sale is necessary, not based on the consent of the parties or the report of commissioners or on evidence heard by the chancellor, will not support the order of sale."

N. C. Code, 1935 (Michie), sec. 3233, is as follows: "Whenever it appears by satisfactory proof that an actual partition of the lands cannot be made without injury to some or all of the parties interested, the court shall order a sale of the property described in the petition, or any part thereof."

The defendants contend "In the absence of any allegation, proof, or finding that an actual partition cannot be had without such injury, the court has no jurisdiction to order a sale."

We think by analogy to the statute and the fact that no evidence was heard by the chancellor or facts found to show a right to sell for partition, the cause must be remanded. We see no other prejudicial error in the record.

The intelligent and careful referee, in his report, says: "That because of the involved nature of the estate and the innumerable complicated questions of fact such as the proper application of various funds paid by the decedent, J. M. Thrash, to the various heirs and various other questions of like kind, your referee, when the evidence had proceeded practically to its completion, clearly saw that an amicable settlement would be to the best interest of all concerned, and with that thought in mind, used his best efforts (perhaps went too far) to get the parties to agree upon a settlement. Your referee felt that this was particularly desirable since this was a family matter and hence involved more than the actual value of the property in question," etc. No agreement could be had and one of the parties "insisted that the referee render a decision on the evidence."

The defendants, in their brief, say: "By agreeing that the referee should act as arbitrator the parties enormously restricted what would otherwise have been almost endless litigation, but of course in so doing they placed very great powers in the hands of the arbitrator. Taking the testimony consumed weeks. The record was more than 700 pages. Over a thousand exhibits were offered," etc. We might say that the printed record is hard to read and is not in accordance with our rules, and is a jumbled record.

In the record we find error, but on the whole record we think the learned judge in the court below "dispensed with law and administered justice." We must follow the law. For the reasons given,

Error and remanded.