CAROLINA MINERAL COMPANY v. G. ELLIS YOUNG.

(Filed 5 November, 1941.)

**1. Partition § 1a—**

As a general rule, the existence of a lease on property held by tenants in common does not preclude partition, and this rule applies even though one tenant is the lessee when actual partition may be had, since in such event the lessor-tenant would not be deprived of his right to his proportionate part of the rents under the lease.

**2. Partition § 2—**

A tenant in common is entitled to partition as a matter of right, but such right is not inalienable and may be qualified, defeated, or postponed by agreement between the parties, express or implied, or lost or suspended

through estoppel when there are contractual obligations between the parties inconsistent with partition or which would render partition inequitable.

**3. Partition § 1c—Lessee-tenant held not entitled to sale of mineral interest for partition upon the facts of this case.**

Tenants in common owning a mineral interest in land, leased same. Thereafter the lessee bought the interest of one of the tenants and later instituted this proceeding to have the mineral interest sold for partition. *Held:* The lessor-tenant could not protect his rights under the lease unless he bought at the partition sale, and therefore the lessee-tenant is estopped to demand sale for partition prior to the expiration of the lease, since such relief would destroy the lessor-tenant's property right growing out of the lease and guaranteed by it. In this case it further appeared that the lessee-tenant claimed surface rights necessary to the recovery of minerals, which surface rights it would not sell, so that upon a sale only it could acquire the uncontested right to mine the mineral interest.

**4. Evidence § 5—**

The courts cannot take judicial notice that mineral interests in lands are by their nature indivisible.

**5. Partition § 1c—**

In order for the court to decree sale of mineral interests for partition, petitioner must make it appear that actual partition cannot be had without injury or that sale for partition would be for the best interest of the tenants in common, and the mere conclusion of the court that the mineral interest is incapable of actual division, unsupported by allegation, proof, or finding, will not support a decree of sale for partition. C. S., 3237.

APPEAL by defendant from *Sink, J.,* at July Term, 1941, of MITCHELL. Reversed.

The plaintiff, alleging that actual partition could not be made, brought this proceeding under C. S., 3237 (Michie's Code, 1939), to have certain mineral interests, which it holds in common with defendant, sold for division of proceeds. Defendant admitted the common ownership, but denied the right of plaintiff to present partition as sought, upon the ground that plaintiff, before purchase of an interest in the property, had entered into a lease contract with defendant and his cotenant in which it had agreed to mine the property for twenty-six years and to pay defendant and his co-owner a specified royalty during this period, by which, along with other provisions of the contract inconsistent with the present proceeding, plaintiff is estopped to request a sale of the interests.

Plaintiff and defendant also joined issue with respect to surface rights necessary to recovery of the minerals, which plaintiff claimed to own exclusively and declared in its petition were "not for sale."

The clerk, deciding that the petition and answer raised issues for the jury, transferred the proceeding to the civil issue docket without objec-

tion of either party. The matter came on for hearing before Judge Sink, who heard the matter by consent without the intervention of a jury.

On the hearing, the lease contract between the parties was introduced in evidence on behalf of the defendant. The plaintiff introduced no evidence upon the question whether actual partition could be made.

The judge made an order for the sale of the property and division of the proceeds, without adjudicating the controversy between the parties as to the character of the surface rights claimed by plaintiff and the opposing rights of the defendant. As to the necessity of sale instead of division, the order finds merely ". . . that the mineral interest is incapable of actual division, and that the petitioner is entitled to have a partition of the mineral interest in said tract of land by way of sale."

The defendant excepted and appealed. He grounds his case here on four allegations of error with respect to the judgment: (1) that the plaintiff was estopped from seeking a sale of the lands for partition by the terms of its lease; (2) that the order of sale was not within the power of the court because there was no allegation, evidence, or finding of fact that "a partition sale in this case would be for the best interests of the tenants in common" as required by statute; (3) that the judge failed to determine the controversy between the parties respecting the surface rights claimed by plaintiff, thus tacitly affirming plaintiff's claim, practically closing the market against buyers at the sale; and (4) (on demurrer *ore tenus* in this Court) "that said petition fails to state facts sufficient to constitute an action for that there are no allegations meeting the requirements of C. S., 3237."

*Watson & Fouts for plaintiff, appellee.*
*W. C. Berry, Charles Hutchins, and Anglin & Randolph for defendant, appellant.*

SEAWELL, J. Ordinarily, the existence of a lease on lands held in common ownership will not prevent partition at the instance of a cotenant. 2 Tiffany, Real Property (3d Ed., 1939), 317, and cases cited. And this is true although one of the cotenants is lessee (Tiffany, *loc. cit., supra*), at least where actual division of the property is the relief sought. *Buhrmeister v. Buhrmeister,* 10 Cal. App., 392, 102 Pac., 221; *Hunt v. Hazelton,* 5 N. H., 216. *Contra: Cannon v. Lomax,* 29 S. C., 369, 7 S. E., 529. Where there is partition in kind, the ascertainment and allotment to the lessor-cotenant of his share in severalty leaves him the owner of the land and entitled to demand and receive his proportionate rent as before. But where the lessee buys in as cotenant and seeks a sale of the land for the purpose of dividing the proceeds, the rights of

the parties are subject to radical change and the authorities are divided. See (allowing sale) *Hill v. Reno,* 112 Ill., 154; *Peterman v. Kingsley,* 140 Wis., 666, 123 N. W., 137; (denying sale) *McIntire v. Midwest Theatres Co.,* 88 Colo., 559, 298 Pac., 959; *Arnold v. Arnold et al.,* 308 Ill., 365, 139 N. E., 592. Many decisions which support merely the general statement that a lease is no obstacle to partition are based upon the extent to which constructive possession through a lessee satisfies the common law prerequisites of possession and common ownership in parties to a partition suit. Where thus limited, these cases are not apt authority on the question before us. 4 Thompson, Real Property (Perm. Ed., 1940), sec. 1992, n. 88; 2 Tiffany, Real Property (3d Ed., 1939), 317, n. 14.

The matter is one of first impression here, and we think it is our duty and privilege to adopt that construction of the law which we find most consonant with the principles of justice and equity.

Although there is authority for the view that partition by sale of lands could formerly be made under the equitable jurisdiction of the courts, 17 Am. & Eng. Enc. Law, 785; *Wolfe v. Galloway,* 211 N. C., 361, 190 S. E., 213, statutes authorizing such sale have been regarded as innovations upon the common law and in derogation thereof. 2 Tiffany, Real Property (3d Ed., 1939), 325; 17 Am. & Eng. Enc. Law, 785; *Hale v. Thacker,* 12 S. E. (2d), 524 (W. Va.). In this State statutory relief of that sort apparently derives from the statute of 1812, chapter 847, Laws of North Carolina, Potter, Vol. 2, the preamble of which indicates both the origin and nature of the relief as follows: "Whereas doubts exist as to the power of courts of equity to order a sale of real estate in cases of partition, where an equal and advantageous division cannot be made. *Be it enacted,* &c.," and there follows the grant of the power. That a sale of the land may bring about a train of incidents unknown to the common law remedy of actual partition is obvious, and that some of these should be equitable in their nature seems only to be expected.

There is a unanimity of opinion and decision that partition is a matter of right. *Holmes v. Holmes,* 55 N. C., 334; *Haddock v. Stocks,* 167 N. C., 70, 83 S. E., 9; *Foster v. Williams,* 182 N. C., 632, 109 S. E., 834; *Barber v. Barber,* 195 N. C., 711, 143 S. E., 469. Unquestionably that is true, at this time, whether the cotenant seeks to have the land partitioned in kind or by sale, where the conditions antecedent to the exercise of the right exist. 17 Am. & Eng. Enc. Law, 786; 20 R. C. L., 774. But this right is not inalienable. *McIntire v. Midwest Theatres Co., supra.* Its exercise may be qualified, defeated, or postponed by agreement between the parties, express or implied, *Chadwick v. Blades,* 210 N. C., 609, 188 S. E., 198; Note, 15 N. C. L. Rev., 279 (1937); *Henderson v. Henderson,* 136 Iowa, 564, 114 N. W., 178; *Eberts v.*

*Fisher,* 54 Mich., 294, 20 N. W., 80; *Coleman v. Coleman,* 19 Pa. St., 100, 57 Am. Dec., 641; *Latshaw's Appeal,* 122 Pa., 142, 15 Atl., 676, and we think it follows that it may be lost or suspended through estoppel where the contractual obligations between the petitioner and his cotenant are manifestly inconsistent with partition, especially by sale of the land, and where such a sale would destroy a property right growing out of the lease and guaranteed by it.

The contract between the petitioner and its cotenant, defendant in the case at bar, was made before petitioner bought into cotenancy and still subsists, having some three years to run. By the terms of the lease-contract the Mineral Company, this petitioner, guaranteed to the defendant a specified royalty for the taking of minerals for a fixed term of years. If the property is sold, the defendant can protect himself in the continued enjoyment of this right only by purchase of the property. This he may, or may not, be in a position to do. In this situation the plaintiff advises the court and notifies prospective purchasers that he is in the exclusive ownership of essential surface rights, which are "not for sale." This claim being left undetermined by the court below, the market is closed to all purchasers, except perhaps those who are willing to buy either a lawsuit or a property interest the value of which depends not only upon the ordinary exigencies of mining, but upon the benevolence of the plaintiff as well.

*McIntire v. Midwest Theatres Co., supra,* is basically on all fours with the instant case, and there the Court says: ". . . the simple fact is that there is nothing inalienable about this right of partition. A tenant in common may contract it away and this company has unquestionably done so. It agreed to pay McIntire $265 a month (rental) until May, 1932. It secured those payments by a mortgage on the leased premises. It now seeks by the simple expedient of partition, to release that mortgage and evade those payments, unless McIntire purchase at the sale. Of course, it cannot thus escape its obligation or force McIntire into additional expenditures to protect his contract." That no mortgage secured the plaintiff's obligations in the case at bar is immaterial and does not justify our holding differently here.

In *Arnold v. Arnold et al., supra,* where partition by sale at the instance of a lessee-cotenant was denied as failing adequately to protect vested rights under the lease, the Court says: "It has been said in general terms that an adult tenant in common has an absolute right to partition (citing cases); but it has been in cases where there was neither an equitable nor legal objection to the exercise of the right, and partition was in accordance with the principles governing courts of equity. Wherever any interest inconsistent with partition has been involved, the general rule has always been qualified by the statement that equity will

not award partition at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed upon the estate by one from whom he claims, or where partition would be contrary to equitable principles. Partition will not be awarded in a court of equity, where there has been an agreement either not to partition, or where the agreement is such that it is necessary to secure the fulfillment of the agreement that there should not be a partition. Such an agreement may be verbal, if it has been acted upon, and it need not be expressed, but will be readily implied, and enforced, if necessary to the protection of the parties. (Citing cases.)" The existence of the lease in the instant case is both a legal and an equitable objection to the exercise of "the right of partition" by sale.

Whether there might have been partition in kind of the mineral interests in question would depend upon the finding of the court below based upon proper allegations and proof. Although this Court is aware of the frequent indivisible nature of mineral interests (20 R. C. L., 775), it is not an established fact of which we may take judicial notice in all cases; and even if we might, the requirements of the statute governing the division of mineral interests would not be satisfied. C. S., 3237, authorizes an order of sale only where actual partition cannot be had without injury, or "where it is made to appear to the court that it would be for the best interests of the tenants in common, or joint tenants, of such interests to have the same sold"; and strict compliance with the terms of the statute is necessary to the "right of partition" by sale. The physical difficulty of division is only a circumstance for the consideration of the court. The record in this case discloses neither allegation, proof, nor finding, either that a sale would be for the best interests of the parties or that an actual division could not be made "without injury." The express requirements of the statute may not be implied from the mere conclusion that "the mineral interest is incapable of actual division," and the order of sale based thereon is unwarranted. *Wolfe v. Galloway, supra; Hale v. Thacker, supra; Morrison v. Holcomb,* 14 S. E. (2d), 262 (W. Va.).

In view of the decision reached, we find it unnecessary to consider the other exceptions.

The judgment of the court below is

Reversed.