THOMAS, Justice.
Benjamin Roy Bell and his then wife, the appellee Lois Thompson, entered into an agreement to purchase from C. G. Hersey and his wife certain property for $4,250 subject to a mortgage securing $1,450. Four hundred fifty dollars was to be paid in cash and the equivalent; the remainder of the purchase price, $3,800, was to be paid in monthly installments which were to be applied by the vendors first to the outstanding mortgage until it was satisfied. Upon the discharge of the mortgage the sellers were to deliver to the purchaser a warranty deed in exchange for a mortgage covering the remainder payable in installments of the amounts fixed in the original agreement.
The appellee claims to have invested $800 of her own money in the project at the time she and Benjamin R. Bell were divorced. In this decree, however, no mention whatever was made of the property or anything remotely connected with the transaction. This divorce was granted 28 October, 1940.
Later both parties remarried, Benjamin R. Bell to the appellant, Vestal Caroline Bell, from whom he was divorced 6 January, 1948.
Meanwhile, 31 March, 1947, the vendors, the Herseys, conveyed the property to Vestal Caroline Bell individually and assigned to her the original contract of sale.
On 31 August, 1943, the Herseys 'had filed a suit against Benjamin Roy Bell, Vestal Caroline Bell, his wife, Lois M. Thompkins, formerly Lois M. Bell and C. D. Thomp-kins, her husband, to foreclose the contract for deed. Lois M. Thompkins who, it will be remembered, was the wife of Benjamin Roy Bell at the time the agreement was executed, filed an answer admitting some allegations of the bill and protesting her ignorance of other allegations, but her pleading contained not a word about any monies she had invested in the property or any claim she might have to a surplus. The *491 suit was dismissed when Vestal Caroline Bell agreed to pay the amount due as she subsequently did.
Parenthetically, we do not know why there is reference to the appellee as Lois Thomplcins on some occasions and to Lois Thompson on others, but there is no doubt about the identity.
In the final decree entered in the suit of Vestal Caroline Bell against Benjamin Roy Bell in 1948, after the former had acquired the contract and deed, it was adjudicated that she was the owner of the real estate and that he should deed his interest to her. Upon his failure in this respect it was ordered that the decree should “operate as such conveyance, assignment and transfer * * * »
At this point, then, we find Vestal Caroline Bell holding the contract as assignee, both of the vendors and the former co-vendee, and title to his interest. Thus Bell as a vendee was eliminated from further consideration and the interests of himself, Vestal Caroline Bell and the Herseys merged in Vestal Caroline Bell. The only outstanding interest was that of the appel-lee.
It is important to remember that at the time the appellant ‘redeemed’ the property from the Herseys she had not been divorced from Bell and had not therefore succeeded to his interest by virtue of the provision in the final decree, so there is no question here about one co-tenant having obtained an advantage over the other by lifting a lien on their common property.
The appellee averred that she owned one-half of the property and prayed that the respective equities of the two quondam wives should be determined; that she be allowed a reasonable rental for her share; and that the land be partitioned.
The chancellor thought that the appellant Vestal Caroline Bell, by virtue of the deed from the Herseys to her alone became subrogated to the Herseys’ rights against Lois Thompson whom he designated her “co-tenant.” He computed the amount Lois Thompson should pay Vestal Caroline Bell as one-half the amount the latter 'had paid to ‘redeem’ the property, and required the money to be paid within a certain time whereupon Lois Thompson should receive a deed for her one-half share.
We think this was an equitable and sensible disposition of the controversy. It is not quite clear just who paid money to the Herseys before they sold their interest to Vestal Caroline Bell, or in what proportions these payments were made. Doubtless the chancellor felt that there was no great disparity between the amount ap-pellee claimed she invested and the sum of the payments by others in which case the reimbursement by appellee of one-half the ultimate payment to the Herseys would equalize the burden. Upon such reimbursement it was simple and just to require the appellant to convey a proportionate one-half interest in the property. It seems to us that had the appellant resorted to any remedy available to her the result would have been the same.
Affirmed.
HOBSON, C. J., and ROBERTS and DREW, JJ., concur.