THOMAS, Justice.
The appellant commenced a suit against the appellee seeking a declaration of his rights under a contract for the sale of lands to him and appellee by a person who was not made a party to the suit, and a partition by sale of the contract and the interests of the parties and division of the proceeds.
The chancellor eventually dismissed the cause upon the motion of the appellee directed to the amended complaint.
The parties to this litigation, who were then husband and wife, entered into an agreement, 28 August 1952, to buy a tract of land from one R. H. Stebbins for eight thousand dollars, payable five hundred dollars in cash, five hundred dollars 1 January 1953, and thirty-five dollars on the first day of each month beginning 1 March 1953. At the time the suit was instituted all payments had been made as they fell due.
On 16 April 1954 the appellant and ap-pellee were divorced.
Although the appellant had met the payments required by the contract as each came due, he represented that he would not be able to continue his compliance with the contract in this respect and he expressed the belief that in event of default the seller would, in accordance with the option contained in the contract of sale, terminate the agreement, retain monies paid as liquidated damages, and repossess the premises.
The appellant represented that he and the appellee had been unable to agree either upon a division of the property or a sale' of the contract and that uncertainty had arisen as to his rights.
It is difficult for us to comprehend why he is puzzled about his rights as ‘co-vendee’ in an executory contract for the purchase of land and equally hard for us to understand how he can obtain now a decree of partition of such a contract against the other vendee.
*911 No valid doubt appears from the allegations of the amended complaint, in fact, if the exhibits made a part of the pleading are considered, any suggestion even of doubt is dissipated. Attached is a copy of the decree of divorce incorporating the settlement agreement between the parties and it is plain from both that the appellant and the appellee each would receive a one-half undivided interest in the property being purchased from Stebbins; that upon payment of the entire purchase price the property should be conveyed to both; and that the appellant should “keep up” the payments.
There is no room for doubt of the meaning of appellant’s obligation. He was to pay the balance of the purchase price and he and the appellee were then to become tenants in common, having been divorced-between the date of the contract and date of the conveyance.
Under the circumstances already described, it seems unnecessary further to explore the law relative to the interest that will support a suit in partition although we have been importuned to reconcile the decision of this court in Langford v. Wauchula State Bank, 148 Fla. 236, 4 So.2d 10, with other decisions of this court like the ones in Hobbs v. Frazier, 56 Fla. 796, 47 So. 929, 29 L.R.A.,N.S., 105, and Bell v. Thompson, Fla., 63 So.2d 490. Were we to decide in this case that the appellant is entitled to partition, we would sanction disturbance of the final decree in the divorce case. To repeat, it was ordered in that decree that the appellant should make all remaining payments stipulated in the contract. Inasmuch as he has not been relieved of his obligation by the court which fixed it, we will not sanction his' obtaining such relief here indirectly by suit for partition. Rosenberg v. Rosenberg, 413 Ill. 343, 108 N.E.2d 766; Carolina Mineral Co. v. Young, 220 N.C. 287, 17 S.E.2d 119, 151 A.L.R. 383.
Affirmed.
DREW, C. J., and ROBERTS and O’CONNELL, JJ., concur.