Butler v. Weisler

MOSSETTE L. BUTLER AND WIFE, BETTY F. BUTLER; AND FRANCES
B. RICHARDS AND HUSBAND, DOUGLAS L. RICHARDS v. FAYE
R. WEISLER AND HUSBAND, L. F. WEISLER

No. 7313SC668

(Filed 16 October 1974)

**1. Partition § 1— right to partition**

A tenant in common is entitled, as a matter of right, to a partition
of the land to the end that he may have and enjoy his share therein
in severalty unless it is made to appear that an actual partition cannot
be had without injury to some or all of the interested parties, in which
case a sale of the property may be ordered by the court. G.S. 46-22.

**2. Partition § 8— order of sale — absence of evidence**

Orders of an assistant clerk of superior court directing and
confirming a sale of land for partition are set aside where the record
reveals that at the time the order of sale was entered no witnesses
were sworn, no evidence was presented and no findings of fact were
made to support the conclusion that an actual partition of the land
could not be made without injury to the parties interested therein, the
order of sale was presented jointly to the assistant clerk by attorneys
for petitioners and defendants but did not purport to be a consent or-
der, and there has been no finding that the attorney for defendants
had actual authority to consent to a sale of defendants' interest in the
property.

APPEAL by defendants from order dated 23 April 1973 en-
tered by *Clark, Judge,* in Chambers in Superior Court in BLADEN
County.

Special proceeding for sale of real property on petition for
partition. The land in question is a long, narrow lot approxi-
mately 60 feet wide and just over 700 feet long. It fronts 66
feet on White Lake and extends for its full length eastward
from the lake to the paved highway, on which it has a frontage
of 60 feet. There is a cottage on the lot near to the lake.

In their petition filed 30 August 1971 the original petition-
ers, Mossette L. Butler and wife, Betty F. Butler, alleged that the
lot is owned in common by Mr. and Mrs. Butler, Mr. and Mrs.
Richards, and Mr. and Mrs. Weisler, a one-third undivided inter-
est being vested in each couple as tenants by the entirety; that
petitioners desire to hold their interest in severalty; and that,
because of the narrow lake frontage, actual partition cannot be
made without injury to the parties. Mr. and Mrs. Richards and
Mr. and Mrs. Weisler were originally named as defendants in

the petition, but Mr. and Mrs. Richards were subsequently permitted to join in the petition as petitioners.

On 15 September 1971 defendants, Mr. and Mrs. Weisler, represented by Attorney N. H. Person, filed answer in which they admitted the ownership as alleged in the petition but denied that the lot could not be partitioned without injury to the parties. In support of this contention, defendants pointed out that there is an easement for a 10-foot-wide common alleyway running from the highway to the lake, the center line of which alleyway runs with the common boundary line dividing the lot in question from the adjacent tract on the south. Defendants prayed for actual partition rather than a sale of the property.

For several months after the pleadings were filed the attorneys, N. H. Person for defendants and Edwin E. Butler for petitioners, attempted to reach a compromise but were unable to do so. In January 1972 the Weislers, who were residents of California, also employed as counsel Robert P. McNamee, an attorney who lived near them in California. In February 1972 they discharged N. H. Person, and on 28 February 1972 at the request of the Weislers, Attorney McNamee employed Reuben L. Moore, Jr., an attorney of Bladen County, N. C., to represent them in this proceeding. Negotiations for a settlement continued. These resulted in an agreement between Attorney Moore representing defendants and Attorney Butler representing petitioners under which a lot fronting 60 feet on the highway and having a depth of 200 feet would be conveyed to defendants in severalty for their interest in the property, and on 22 March 1972 a consent order to effectuate this settlement was mailed to Attorney McNamee. In late April 1972 Attorney McNamee advised Attorney Moore that defendants would not accept the lot on the highway unless petitioners agreed to give them a right of access to the lake across the alleyway easement and the right to construct and use a pier in the lake at the end of the alleyway. This counter proposal was rejected by petitioners.

The matter came on for hearing before the Assistant Clerk of Superior Court on 26 May 1972, at which time Attorney Butler appeared for petitioners and Attorney Moore appeared for defendants. The attorneys presented to the Assistant Clerk a judgment which they had prepared and informed her that it had been agreed upon between counsel. No evidence was presented to the Assistant Clerk, but a plat of the property was shown to her and she was informed by the attorneys concerning

an appraisal which had been made of the property. The Assist-
ant Clerk then signed the order as prepared by the attorneys.
This order, which was dated 26 May 1972, recited that "after
due inquiry" it appeared to and was found by the court "that
an actual partition of the lands mentioned and described in said
petition cannot be made without injury to the parties interested
therein" and "that a sale of said lands would be more advan-
tageous to the parties than a division thereof." On these find-
ings, Edwin E. Butler and Reuben L. Moore, Jr., were appointed
co-commissioners and were authorized and directed to sell the
land at public auction.

Pursuant to this order and after due advertisement, the co-
commissioners offered the property for sale at public auction
at the courthouse door in Elizabethtown at noon on 12 July 1972.
At this sale Edmond B. Flynt, Jr. became the last and highest
bidder at a price of $36,400.00. The co-commissioners reported
this bid to the court on 12 July 1972, and no upset bid being
filed, on 25 July 1972 the Assistant Clerk of Superior Court
signed an order confirming the sale.

On 24 July 1972, the day preceding entry of the confirma-
tion order, Faye R. Weisler, one of the defendants, signed and
filed with the court a written statement that she did not wish
the sale confirmed and wished to appeal to the Superior Court.
On 26 July 1972 one of the commissioners, Edwin E. Butler,
moved to dismiss the appeal for failure to enter the same in
apt time following entry of the 26 May 1972 order. Also on 26
July 1972 the law firm of Moore & Melvin filed a motion to be
relieved as counsel for the defendants Weisler, citing that ir-
reconcilable differences had arisen between the firm and the
defendants and that Faye R. Weisler had stated she no longer
desired the firm's services. On 26 July 1972 Judge Edward B.
Clark signed an order relieving the firm of Moore & Melvin as
counsel of record for defendants Weisler.

On 26 July 1972 Judge Clark also signed an order conclud-
ing "[t]hat the defendant herein, Faye R. Weisler, by failing to
appeal in apt time as required by G.S. 1-279 [sic] has lost her
right to appeal since more than ten days have expired since
the order directing that the property be sold." As originally
signed, this order also confirmed the order of the Assistant Clerk
confirming the sale and directing the co-commissioners to ex-
ecute a deed to the purchaser, but these provisions were deleted
by Judge Clark on 19 August 1972.

On 4 August 1972 defendants, through their new attorneys, Powell, Lee & Lee, filed a motion under Rules 59 and 60 to set aside Judge Clark's order of 26 July 1972 for mistake, inadvertence, and excusable neglect, asserting as grounds that there had been misunderstandings between defendants and their previous attorneys which prevented defendants from having a fair trial and on the further grounds that there was insufficient evidence to justify a finding of fact that the lands in question could not be divided and should be sold. After Judge Clark corrected his 26 July 1972 order by deleting the portion thereof which purported to confirm the Assistant Clerk's order confirming the sale, defendants on 30 August 1972 filed a further motion, dated 28 August 1972, in which they prayed that the motion previously filed before Judge Clark be directed to the Assistant Clerk, that she set a time for hearing thereon, "take such testimony as may be necessary and enter such appropriate orders as justice requires." A hearing was held before the Assistant Clerk on 28 September 1972, at which time defendant Faye R. Weisler, and her former attorney, Reuben L. Moore, Jr., appeared and testified. For purposes of this hearing and by stipulation of counsel there was also presented to the Assistant Clerk affidavits of the attorneys, Robert P. McNamee and Reuben L. Moore, Jr., and an affidavit dated 28 September 1972 signed by a Mr. James G. Thomas. The affidavits of the two attorneys were principally directed to describing the steps which had been taken by them, prior to entry of the 26 May 1972 order, in their unsuccessful efforts to effect a compromise under which defendant might retain title to a portion of the property fronting on the highway. The affidavit of Mr. Thomas stated that prior to 7 March 1972 he had been employed by Mossette Butler, one of the petitioners, to give an appraisal of the property, and that soon after 7 March 1972 he had also been employed by Attorney Moore to make a determination whether the property could be actually partitioned in such manner that there would be no injury to any of the parties. The Thomas affidavit further stated that he had advised Attorney Moore that in his opinion actual partition could not be made without injury to the parties, that the entire tract in an undivided condition had a fair market value of $30,000.00, that if divided into three lots the fair market value would be $25,000.00, and that this decrease in value was due to the loss of privacy for the lake front portion of the lot incident to increased use of the right-of-way by persons occupying the rear lots.

Following the hearing on 28 September 1972, an order was signed by the Assistant Clerk dated 7 March 1973 in which detailed findings of fact were made, including a finding "that actual partition of the lands could not be made without injury to the tenants in common, and that in order that an equitable partition could be made it was necessary that said lands be sold." The order reaffirmed the previous order of 26 May 1972 and dismissed the appeal from that order. On 14 March 1973 defendants excepted to the Assistant Clerk's order and gave notice of appeal to the Judge of Superior Court.

The appeal from the order of the Assistant Clerk was heard before Judge Edward B. Clark, Resident Judge of Superior Court. By agreement of the parties the Judge heard the matter "de novo upon the pleadings, the record, the transcript of testimony and the affidavits made in and for the hearing before the Clerk on September 28, 1972." At the conclusion of the hearing, the Judge entered an order dated 23 April 1973 in which he made findings of fact, including a finding that both the Judge and the Assistant Clerk "have resided in Bladen County and only a few miles from White Lake for more than half a century . . . and know the worth and high value of waterfront property and the disadvantages and reduced market value to owners of waterfront property that results when back lots are occupied by owners who have access of alleyways and community piers." The Judge concluded as a matter of law "[t]hat the findings of the Assistant Clerk in her Order of May 26th, after hearing and due inquiry, 'that an actual partition of the lands . . . cannot be made without injury to the parties,' is a finding of ultimate fact, did not need to be supported by findings of evidentiary fact, and was based on her independent knowledge of White Lake, examination of a map showing the size, nature and location of the property, the opinion of realtor James G. Thomas, and discussion of counsel."

Based upon the findings of fact and conclusions of law made in his order of 23 April 1973, Judge Clark denied defendants' motion filed 4 August 1972 to set aside the order of the Assistant Clerk dated 26 May 1972 which directed a sale of the property and the July order of the Assistant Clerk which confirmed the sale. Defendants appealed.

*Butler & Butler by Edwin E. Butler for plaintiff appellees.*

*Powell, Lee & Lee by J. B. Lee for defendant appellants.*

PARKER, Judge.

The question presented is whether defendants are entitled to relief from the orders of the Assistant Clerk which directed and later confirmed the sale of the real property in which defendants own a one-third undivided interest. A proper solution of this question requires that we first determine the substantive rights, vis-a-vis each other, of parties owning interests in real property as tenants in common.

[1]  "A tenant in common is entitled, as a matter of right, to a partition of the land to the end that he may have and enjoy his share therein in severalty, unless it is made to appear that an actual partition cannot be had without injury to some or all of the interested parties," *Seawell v. Seawell*, 233 N.C. 735, 65 S.E. 2d 369 (1951), in which case a sale of the property may be ordered by the court. G.S. 46-22. However, a partition in kind, if it can be fairly accomplished, is always favored over a sale, since this does not compel a person to sell his property against his will. *Brown v. Boger*, 263 N.C. 248, 139 S.E. 2d 577 (1965). In the case last cited, Moore, J., speaking for our Supreme Court, said (at pp. 256 and 257) :

> "It is essential to a sale of land for partition that it be established that an actual division in kind cannot be made without *injury to some or all* of the cotenants. G.S. 46-22. By 'injury' to a cotenant is meant substantial injustice or material impairment of his rights or position, such that it would be unconscionable to require him to submit to actual partition. 68 C.J.S., Partition, § 127, p. 190. Since partition in kind is favored, such partition will be ordered, even though there may be some slight disadvantages in pursuing such method. *Ibid.*, p. 192. A sale will not be ordered merely for the convenience of one of the cotenants. *Ibid.*, p. 190. The physical difficulty of division is only a circumstance for the consideration of the court. *Mineral Co. v. Young, supra* [220 N.C. 287, 17 S.E. 2d 119]. On the question of partition or sale the determinative circumstances usually relate to the land itself, and its location, physical condition, quantity, and the like. 68 C.J.S., Partition, § 127, p. 193. 'The test of whether a partition in kind would result in *great prejudice* to the cotenant owners is whether the value of the share of each in case of a partition would be *materially less* than the share of each in the money equivalent that could probably be obtained for the whole.'

.

Butler v. Weisler

(Emphasis added.) 4 Thompson on Real Property, § 1828, p. 309. But many considerations, other than monetary, attach to the ownership of land. *Hale v. Thacker*, 12 S.E. 2d 524 (W.Va. 1940). No exact rule is possible of formulation to determine the question whether there should be a partition in kind or a partition by sale. The determination must be made on the facts of the particular case. 68 C.J.S., Partition, § 127, p. 190. There should be a partition in kind unless such partition will cause material and substantial injury to some or all of the parties interested.

"The court has no authority to order a sale of land for partition without satisfactory proof of facts showing that an actual partition will cause injury to some or all of the cotenants. *Wolfe v. Galloway, supra* [211 N.C. 361, 190 S.E. 213]. The essential facts must be found by the court. *Seawell v. Seawell, supra* [233 N.C. 735, 65 S.E. 2d 369]."

[2] Examining the present proceedings in the light of the foregoing principles, the record reveals that at the time the order of sale was entered by the Assistant Clerk on 26 May 1972, no witnesses were sworn, no evidence was presented, and no findings of the essential facts were made to support the conclusion arrived at "that an actual partition of the lands mentioned and described in said petition cannot be made without injury to the parties interested therein." At the hearing held 28 September 1972 on defendants' motion to be relieved from the order of sale petitioners' attorney, Edwin E. Butler, stipulated that:

"Mr. Moore [the attorney who represented defendants when the order of sale was entered] and myself came before Mrs. Campbell [the Assistant Clerk] with the judgment prepared and told her that it had been agreed upon between counsel, that she should sign that order and that thereupon she signed it."

At the same hearing on 28 September 1972, Attorney Moore testified:

"Mr. Butler prepared the May 26 order. We did not preempt the prerogative of the Clerk and tell her she had to sign it. We came in with the order of sale prepared. We had some conversation about the matter. I think we had some conversation on behalf of Mr. Butler who had a plat of the land. I believe we had some conversation concerning

the appraisal that Mr. James Thomas had made. In our conversation we told Mrs. Campbell that we were in accord and that the order of sale was satisfactory to all parties involved and based on what she knew of the case and what she heard us talk about and what she felt was right, she signed it. No, there were no witnesses sworn in. There were no other parties present. None of the petitioners nor Mrs. Weisler were present. There was no hearing other than the conversation between the three of us."

Mr. Thomas, the realtor who had appraised the property, did not appear and testify, and his opinion as to a reduction in value of the entire property which might result from an actual partition was not even reduced to affidavit form until long after the order of sale was entered. Such independent knowledge as the Assistant Clerk may have had of land values in the White Lake area and of "the disadvantages and reduced market value to owners of waterfront property that results when back lots are occupied by owners who have access by alleyways and community piers," was an inadequate substitute for competent evidence.

The Assistant Clerk had the same powers as the Clerk of Superior Court would have had. G.S. 7A-102(b). In this proceeding she had jurisdiction over the parties and over the subject matter. Her orders directing and confirming the sale were therefore not void. However, because these orders were entered without essential findings of fact arrived at upon the basis of competent evidence, the orders were voidable and were subject to be set aside upon a timely motion under Rule 60(b)(6) of the Rules of Civil Procedure.

That Attorney Moore sincerely felt he was representing the best interest of his clients when he joined in presenting the order of sale to the Assistant Clerk and that he may even have understood, mistakenly as it turned out, that he had actual authority from them to agree to a sale, cannot make the order binding on defendants. "An attorney has no inherent or imputed power or authority to compromise his client's cause or consent to a judgment which gives away the whole corpus of the controversy," *Howard v. Boyce,* 254 N.C. 255, 118 S.E. 2d 897 (1961), and there has been no finding that Attorney Moore had been given actual authority from his clients to consent to a sale of their interest in the property. The order of sale did not purport to be a consent order, but on its face purported to have

been entered after a hearing. Since no hearing was in fact held, defendants' motion to be relieved from the sale orders should have been allowed.

The order appealed from which denied defendants' motion is reversed, and this proceeding is remanded to the Superior Court in Bladen County with directions that the orders of the Assistant Clerk which directed and confirmed the sale be vacated and for further proceedings not inconsistent herewith.

Reversed and remanded.

Chief Judge BROCK and Judge VAUGHN concur.