Jim COX, Appellant,

v.

Louina Walker LASLEY, Jimmy Walker, Jr., Ted V. Tucker, Dr. Thomas E. Nix, Jr., Executor of the Estate of Harvey B. Platt, Deceased, and Annie Bear Walker Tiger, Appellees.

No. 53597.

Supreme Court of Oklahoma.

Sept. 29, 1981.

Rehearing Denied Feb. 4, 1982.

Mattingly & Conyers, Seminole, for appellant.

Carloss Wadlington, Ada, for appellees Louina Walker Lasley, Jimmy Walker, Jr., and Annie Bear Walker Tiger.

LAVENDER, Justice:

The evidence is not in dispute.

Appellant (plaintiff below) is the owner through assignment of ⅟₁₅th mineral interest and the assignee of the working interest under a 40-acre tract of land in Seminole County, Oklahoma. The lease involved is a departmental oil and gas lease made by the allottee, a restricted Indian of the Seminole tribe, with the approval of the Secretary of Interior on September 11, 1925. Appellees (defendants below) own severally the balance of the mineral interest, having acquired their respective interests by assignment or by inheritance from the original allottee. Defendants Louina Walker Lasley and Jimmy Walker, Jr. are restricted Indian heirs or devisees of the allottee, and their interests can only be assigned with the consent and approval of the Secretary of the Interior, or his authorized representative. The lease has a noble history of production, having produced 1,278,502 barrels of oil from inception to December 1978. Declining production reduced its yield to 192 barrels in 1977 and 170 barrels in 1978. Present production is limited to "skimming", that is, bailing oil which rises to the surface in the well casing. Plaintiff acquired the working interest in the lease in 1969, and thereafter acquired his ⅟₁₅th mineral interest by assignment to him.

Plaintiff testified that the Department of Interior had refused him permission to use a salt water disposal well on an adjoining property, demanding that salt water produced in the operation of the lease be put back into the land covered by the lease. Plaintiff further testified that the cost of drilling a disposal well on the lease was prohibitive. Defendants refused to sell their mineral interest to plaintiff.

Plaintiff brought suit below for the partition of the mineral interest, his avowed objective being to force the sale of the mineral interest since it cannot be partitioned equitably in kind and to purchase the mineral interest of defendants on partition sale, thereby divesting the restricted Indian owners of their title to the minerals, and, in turn, thereby terminating the Department of Interior's jurisdictional power to prohibit plaintiff's use of the salt water disposal well in place on the adjoining property.[1]

The United States filed its Election Not to Remove the Cause to the United States District Court, and did not appear at the trial of the cause. At the conclusion of the trial, the court below denied plaintiff's prayer for partition and entered judgment in favor of the defendants.

Partition of property including mineral rights is looked upon with favor and the burden rests upon the one seeking to prevent partition to plead and prove

---

1. The land was restricted in the hands of the allottee during his lifetime under § 1 of Act of Congress of May 27, 1908, 35 Stat. 312, and any conveyance of any interest of any of his heirs or devisees, who are of one-half or more degree of Indian blood has to be approved under § 1 of Act of August 4, 1947, (61 Stat. 731–732), by the district court of the county wherein the land is situated.

facts showing it would be inequitable to enforce the right.[2] The purpose and effect of a partition proceeding is to terminate the joint ownership of the property and the relation of the parties with reference thereto.[3] A mineral interest in and to oil and gas in place constitutes an interest in real estate. The general rule is that all property capable of being held in co-tenancy is subject to partition by judicial proceedings, the partition being either in kind or by appraisal and sale.[4] The parties here stand in the position of joint owners of the minerals in place and not that of co-lessees. The fact that the plaintiff in addition to owning a fractional interest in the minerals owns the working interest under an oil and gas lease does not militate against his right to obtain partition of the mineral interest owned by the plaintiffs and the defendants.[5]

Defendants contend that plaintiff having previously acquired the working interest as assignee of a producing lease placed himself in a position inconsistent with the obligations of the lease by acquiring a portion of the mineral interest, and this precludes him from partition of the mineral interest. Defendants cite *Carolina Mineral Co. v. Young*, 220 N.C. 287, 17 S.E.2d 119, 151 A.L.R. 383 and *Twin Lakes Reservoir & Canal Co. v. Bond*, 157 Colo. 10, 401 P.2d 586 (1965) as authority. While both cases are consistent with the holding of our Court of Appeals in *Rodkey v. Rees, supra*, both are factually distinguishable from the case before us. In both *Carolina* and *Twin Lakes* the petitioner's interest in the estate sought to be partitioned was acquired after the petitioner had acquired an interest in a separate estate in connection with which the petitioner was bound by a contractual commitment which would have been thwarted by the granting of partition, so that partition of the mineral estate would thereby have relieved the petitioner from a legally binding contractual obligation to the substantial detriment of those for whose benefit the contract was made. In the case before us, no such contractual obligation was attached to the working interest acquired by the plaintiff, and as we have heretofore pointed out, his ownership of an interest in the leasehold estate prior to his acquisition of an interest in the minerals does not thereby and of itself impair his right to partition.

■ Partition in kind of oil and gas rights is proper where there has been no development on or near the property and there is no other reason to believe one portion of the tract involved is more valuable for oil purposes than another. Where partition in kind cannot properly be allowed, partition may be accomplished through sale and division of the proceeds.[6]

■ Prevention of partition of oil and gas rights on the ground that such remedy would constitute an instrument of fraud or oppression is a matter of defense to be pleaded and proved.[7]

■ The fact that none of the defendants consented to the conveyance of a fractional interest in the minerals to the plaintiff in the case before us does not effect plaintiff's right to partition. The right of one of several co-tenants to separately convey or lease his interest without the consent of his co-tenants is recognized in this jurisdiction. The fact that a conveyance by one co-tenant may have some effect upon a partition brought by or against the nonconsenting co-tenant does not destroy the validity or effect of the conveyance, nor give the nonconsenting co-tenant a greater or lesser right of partition than the existing status of the estate warrants.[8]

2. *Sweeney v. Bay State Oil & Gas Co.*, 192 Okl. 28, 133 P.2d 538 (1943); *Rodkey v. Rees*, Okl. App., 527 P.2d 1150 (1974); *Komarek v. Perrine*, Okl., 382 P.2d 748 (1963).

3. *Sweeney v. Bay State Oil & Gas Co., supra.*

4. *Colonial Royalties Co. v. Hinds*, 202 Okl. 660, 216 P.2d 958 (1950).

5. *Colonial Royalties Co. v. Hinds, supra.*

6. *Wolfe v. Stanford*, 179 Okl. 27, 64 P.2d 335 (1937); 143 A.L.R. 1092; 173 A.L.R. 854; *Chesmore v. Chesmore*, Okl., 484 P.2d 516 (1971).

7. *Wolfe v. Stanford, supra.*

8. *Wolfe v. Stanford, supra.*

■ An action for partition is one of equitable cognizance.[9]

■ Inequitable hardship and oppression, or the use of partition as an instrument of fraud or oppression are defenses to an action for partition; but they are affirmative defenses with the burden of their proof being upon the party interposing them.[10] Defendants neither pleaded such defenses nor proffered evidence in support thereof. The fact that defendants do not desire partition does not constitute a defense to an action for partition in the absence of additional considerations.[11]

Whether the circuitous route embarked upon by the plaintiff whereby he seeks to inter salt water produced from the lease into adjoining land is meritorious, or whether the same holds out any prospect of success are matters which are not before us and on which we do not therefore pass judgment.

The judgment of the court below is reversed and the cause remanded for further proceedings consistent with our rulings herein.

REVERSED AND REMANDED.

IRWIN, C. J., BARNES, V. C. J., and HODGES, DOOLIN, HARGRAVE and OPALA, JJ., concur.

SIMMS, J., dissents.

---

9. *De Mik v. Cargill*, 485 P.2d 229 (Okl.1971); *Rodkey v. Rees, supra.*

10. *Wolfe v. Stanford, supra,* n.6; *Williams v. Neal*, 207 Okl. 552, 251 P.2d 785 (1953).

11. *Henson v. Bryant*, Okl., 330 P.2d 591 (1958).