PAUL PRUITT v. SOUTHERN RAILWAY COMPANY.

(Filed 11 November, 1914.)

1. Trials—Verdicts—Motion to Set Aside—Courts—Discretion—Appeal and Error.

Motions to set aside a verdict on the ground that it is against the weight of the evidence should be addressed to the conscience and sound discretion of the trial judge, and will not be considered on appeal, in the absence of the abuse of this discretionary power.

PRUITT *v.* R. R.

**2. Railroads—Inspection of Trains—Unusual Conditions—Projections from Trains—Injury to Pedestrians—Trials—Questions for Jury.**

A railroad company is fixed with knowledge of whatever a careful inspection of its trains will disclose, and the burden is upon it to show that a proper inspection had been made, which failed to discover an unusual condition causing an injury, the subject of an action; and the evidence in this case tending to show that while the plaintiff was standing alongside the defendant's track at a crossing, and where he had a right to be, waiting the passage of its train, some unusual projection 4 or 5 feet from the side of the train struck his knee and hurled him beneath the train, to his injury, the question of defendant's actionable negligence is one for the jury under a proper instruction from the court. The charge in this case is approved.

APPEAL by defendant from *Devin, J.,* at June Term, 1914, of. ROCK-INGHAM.

This is a civil action to recover damages for a personal injury. The issues of negligence and damage only were submitted. From the verdict and judgment for plaintiff, defendant appealed.

*P. W. Glidewell and C. O. McMichael for plaintiff.*
*Manly, Hendren & Womble for defendant.*

BROWN, J. The testimony of the plaintiff tends to prove that on the night of 18 October, 1912, while standing at a public crossing in the town of Reidsville, some 3 or 4 feet from the track, waiting for a freight train to pass, he was struck about the knee by some projecting object that protruded from the side of the train, and was hurled from his feet; thrown under the train, and his arm was cut off by the wheels; that this object was at the end of a car and projected some 4 feet from side of the car.

The plaintiff further testifies that he heard this projection rattling, and that he stepped one foot out of the way, and before he could get the other out of the way, it caught him about the knee and pulled him under a car and his left arm was cut off at the shoulder.

It is argued that the projecting object was a loose end of the rubber piping of an automatic brake with an iron catch on the end.

There are two assignments of error, viz.:

1. The court charged the jury as follows: "If you shall find by the evidence and its greater weight that the railway company operated a freight train south through Reidsville with a rod or other unusual projection extending out from said car for a distance of 3 or 4 feet, near the ground; that the defendant knew or by reasonable diligence could have known of such projection, and if you further find from the evidence and its greater weight that such projection caught plaintiff and drew him under the train, that his injuries were sustained thereby, it would be your duty to answer the first issue 'Yes.' "

2. The court refused to give defendant's prayer for instruction as follows: "There is no sufficient evidence that the defendant either knew or should have known of the projection which the plaintiff says caught his leg, and you will answer the first issue 'No.' "

There was much evidence offered by the defendant tending to contradict the plaintiff, and the dispatcher's train sheets were offered to prove that no freight train passed the crossing as stated by plaintiff.

The discussion in the briefs as well as the argument seems to be based upon the idea that this Court will set aside a verdict if it is against the weight of the evidence. Our previous declarations should leave no doubt that we exercise no such power. It is a matter for the conscience and sound discretion of the Superior Court judge.

There is no suggestion here of an abuse of that discretion. That the evidence of the plaintiff, if taken to be true, makes out a case of negligence, the proximate cause of plaintiff's injury, is too plain for argument. The plaintiff was where he had a right to be, at a public crossing, waiting for the freight train to pass. He was standing at a safe distance to avoid injury. He was not required to be on the lookout for a projecting object, such as is described. This projection fastened itself into his knee and pulled him under the train.

The plaintiff was not required to prove that the defendant knew of such projection and failed to remove it. The defendant is fixed with a knowledge of whatever a careful inspection of its trains will disclose. The burden of proof is on the defendant to prove that it made proper inspection and failed to discover this unusual and extraordinary projection, whatever it may have been. Failure to make proper inspection is negligence. Wharton on Negligence, secs. 3, 29. "The duty of inspection is said to be affirmative, and must be continuously fulfilled and positively performed." *Brann v. Chicago, R. I. and Pac. Ry.*, 53 Iowa, 597; Bailey's Pers. Inj., sec. 2638; *Cotton v. R. R.*, 149 N. C., 231.

The assignments of error cannot be sustained.

No error.