LILLA Y. ALEXANDER, EXECUTRIX OF J. E. ALEXANDER, SR., v. ABNER
    ALEXANDER, VIRGINIA ANNE ALEXANDER, NANCY ALEXANDER,
    ISADORE ALEXANDER, WEBB S. ALEXANDER, LILLA Y. ALEX-
    ANDER. JOSEPH E. ALEXANDER, JR., FRANCES WINGFIELD
    ALEXANDER (ORIGINAL PARTIES DEFENDANT), AND JOE W. JOHNSON,
    GUARDIAN AD LITEM (ADDITIONAL PARTY DEFENDANT).

(Filed 15 June, 1936.)

**Wills E b—Devise in this case held for life with full power of disposition,
    and not a devise in fee simple.**

> The language of the will involved read, "I lend to my wife the balance
> of my estate . . . for and during her widowhood," with full power
> of disposition, "and at the termination of her preceding particular estate
> the balance of my estate to be equally divided between my two children."
> *Held:* The word "lend" is equivalent to "give" or "devise," and the devise
> created an estate limited at most to the life of the widow, and did not
> convey to the widow a fee simple, notwithstanding the provisions of
> C. S., 4162, and notwithstanding the rule that a gift of an estate to a
> person generally or indefinitely with power of disposition ordinarily car-
> ries the fee, since it is apparent from the words of the devise that testator
> did not intend to confer the fee simple.

APPEAL by plaintiff and by defendant Frances Wingfield Alexander
from *Hill, J.,* at March Term, 1936, of FORSYTH.

Action to construe certain provisions in the will of J. E. Alexander,
Sr., deceased, and heard upon agreed statement of facts.

The testator died leaving a widow, the plaintiff, and two children,
one a son by a former marriage, and the other a daughter by the last
marriage, Frances Wingfield Alexander, represented here by a guardian
*ad litem.*

The testator's estate consists largely of real estate of the appraised
value of $52,000, with indebtedness of about $16,000.

In Item 3 of the testator's will is contained the following provision:
"I lend to my said wife the balance of my estate not covered in items
one and two above, for and during her widowhood, and authorize in as
full and ample manner as I am able to do for her to sell any part of it
she may think desirable, without any order of court, and to execute
such conveyance as may be necessary, and not to limit herself in any
amount she may wish to spend; and at the termination of her preceding
particular estate I desire the balance of my estate to be equally divided
between my two children."

The principal controversy was as to the proper construction of the
quoted provision in the will. Plaintiff contended that this gave her a
fee simple estate in the property devised, while the guardian *ad litem*
for infant defendants presented the opposite view.

The court below held that, while the plaintiff had full power of disposition of the property and to the use of the proceeds, so much of the property or its proceeds as remained unused or undisposed of at the time of her remarriage or death should be equally divided between the testator's two children.

From judgment in accordance with this ruling, the plaintiff and the defendant Frances Wingfield Alexander, by her guardian *ad litem,* appealed.

*W. T. Wilson* for plaintiff, appellant.
*Joe W. Johnson* for defendant, appellant.

DEVIN, J. The language used by the testator in the third item of his will clearly conveys his intention. In substance he says: "I lend to my wife the balance of my estate . . . for and during her widowhood" with full power of disposition, "and at the termination of her preceding particular estate the balance of my estate to be equally divided between my two children."

The word "lend" used in this item of the will was equivalent to "give" or "devise." *Jarman v. Day,* 179 N. C., 318; *Smith v. Smith,* 173 N. C., 124; *Sessoms v. Sessoms,* 144 N. C., 121.

The devise to his wife during her widowhood limited the estate given her, at most, to a life interest. *Sink v. Sink,* 150 N. C., 444; *In re Brooks,* 125 N. C., 136.

Blackstone lays it down that an estate granted to a woman during widowhood will be reckoned an estate for life because the time for which it will endure being uncertain, it may possibly last for life if the contingency upon which it is to determine does not sooner happen. 2 Blackstone, 121.

In *Sink v. Sink, supra,* the will contained the following language: "I give and bequeath to my wife the remainder of my land, . . . to have and to hold to her own proper use and behoof . . . during the term of her widowhood, and after her marriage to be equally divided between my brothers and sisters."

This was held to confer no more than a life estate.

In the *Brooks case, supra,* the devise was in these words: "I will and bequeath all my real and personal property to my beloved wife, to have and possess as long as she remains my widow. Should she marry the law is my will."

It was held that sec. 2180 of the Code (now C. S., 4162), could not be invoked for the purpose of extending the estate to a fee, as it was clearly the intention of the testator to limit it at most to an estate for life.

While the gift of an estate to a person generally 'or indefinitely with power of disposition ordinarily carries a fee, this rule will not be allowed to prevail when the testator gives to the first taker by express terms an estate for life only, though coupled with power of disposition. *Hambright v. Carroll,* 204 N. C., 496; *Roane v. Robinson,* 189 N. C., 628; *Tillett v. Nixon,* 180 N. C., 195; *Carroll v. Herring,* 180 N. C., 369; *Fellowes v. Durfey,* 163 N. C., 305; *Chewning v. Mason,* 158 N. C., 578; *Herring v. Williams,* 158 N. C., 1.

This view is strengthened by the use in this will of the words "At the termination of her preceding particular estate, I desire the balance of my estate to be equally divided between my two children." This language is inconsistent with an intention to confer a fee simple.

There was no other exception to the findings and judgment of the court below.

Judgment affirmed.