FIRST NATIONAL BANK OF SALISBURY, N. C., v. BEULAH KLUTTZ
BRAWLEY, VIVIAN BRAWLEY, EDMUND BRAWLEY AND WIFE FAYE
BRAWLEY, MARGARET P. BRAWLEY, INDIVIDUALLY AND AS EXECUTRIX
OF ESTATE OF J. F. BRAWLEY, MARGARET LOVILL BRAWLEY CHAP-
MAN AND HUSBAND DON CHAPMAN, ALICE LOVILL BRAWLEY,
J. FRANK BRAWLEY, LUCY JOHNSTON BRAWLEY, RUTH BRAW-
LEY REYNOLDS AND HUSBAND JAMES REYNOLDS, J. F. BRAWLEY
AND WIFE GRACE BRAWLEY, REBA BRAWLEY WARD AND HUSBAND
CARLYLE WARD, R. LOUIS BRAWLEY AND WIFE IRENE ABBOT
BRAWLEY, J. W. BRAWLEY AND WIFE, MARGARET LOVILL BRAW-
LEY, NONA BRAWLEY BETTERLY, ROBERT V. BRAWLEY AND WIFE
EMMY THORNE BRAWLEY, BOYDEN BRAWLEY AND WIFE MAR-
GARET FAIRLEY BRAWLEY, JAMES SHOBER BRAWLEY AND WIFE
LOVEDY BRAWLEY, G. M. CARL, AND ANY AND ALL OTHER PERSONS
WHO CLAIM ANY RIGHT, TITLE OR INTEREST IN AND TO THE RESIDUE OF
THE TESTAMENTARY TRUST OR ESTATE OF MASON H. BRAWLEY, DE-
CEASED; AND WILLIAM C. COUGHENOUR, JR., GUARDIAN AD LITEM OF
ALICE LOVILL BRAWLEY AND J. FRANK BRAWLEY, MINORS.

(Filed 12 April, 1950.)

1. **Wills § 31—**

A will should be construed from its four corners, giving effect, if pos-
sible, to every clause, phrase or word therein, in order to effectuate the
intent of the testator as gathered from the entire instrument.

2. **Wills § 34e—Specific legatees, while excluded from distribution under
residuary clause, held not excluded from distributive share of residue
of trust estate.**

The will in question by one item bequeathed a specified sum to each of
the sons of a deceased brother, stating that testator was leaving them less
than their proportionate share of the estate because of their financial
status; by subsequent item testator set up a trust estate with provision
that the income therefrom be paid to another brother, and that so much
of the *corpus* thereof should be used for his benefit as might become neces-
sary because of prolonged illness or misfortune, with further provision for
distribution of the residue of the trust estate remaining at the death of
the brother to testator's next of kin *per stirpes;* followed by a residuary
clause providing for distribution of the residue of the estate among testa-
tor's next of kin *per stirpes,* with further provision that "this clause"
should not include distribution to the nephews first above mentioned.
*Held:* While the nephews specified in the first item were excluded from
the distribution under the residuary clause, such exclusion was expressly
limited to "this clause" and not the will generally, and such nephews are
entitled to a *per stirpes* distribution of the residue of the trust estate.

APPEAL by defendants Robert V. Brawley, Boyden Brawley, and James
Shober Brawley, nephews of Mason H. Brawley, deceased, from *Arm-
strong, J.,* at October Term, 1949, of ROWAN.

This is an action brought pursuant to the provisions of the Uniform Declaratory Judgment Act, G.S. 1-253, *et seq.,* for the construction of three paragraphs of Mason H. Brawley's will, which read as follows:

"THIRD: I give and bequeath unto Robert V. Brawley, Boyden Brawley, and James S. Brawley, the sons of my deceased Brother, R. Vance Brawley, or the survivors of them, the sum of two thousand dollars ($2,000.00) each, the said sums to be paid over to them either in cash or its equivalent in value in securities and as soon as practicable after my death. These bequests to my said nephews, which will not represent an equal division of my estate *per stirpes,* are limited not from lack of interest or affection in and for said nephews, but are limited on account of the fact that their inheritances or legacies from other sources are abundantly sufficient to provide for their future and will be considerably in excess of the shares or legacies bequeathed by me to my other relatives, and I have full confidence that my said beloved nephews will fully understand and appreciate my motives in limiting the amounts of these their legacies.

"FOURTH: I give, bequeath and devise unto the First National Bank of Salisbury, North Carolina, the sum of Thirty Thousand Dollars ($30,000.00) in cash or its equivalent in value of securities, in the discretion of the Executors and Trustee, in trust however for the following uses and purposes and none other, to wit:

"(a) To hold, convert, sell and convey, to invest and reinvest the *corpus* or principal thereof in such stocks, bonds, and other securities and properties as shall be selected and approved, from time to time, by the said Trustee's investment committee.

"(b) To collect the income, interest and profits and to pay over the net income to my brother, W. B. Brawley, now of Mooresville, N. C., for and toward his maintenance, support and reasonable comfort, or in the event of his incapacity, then pay over the net income to other individuals or institutions whom or which the said Trustee shall deem to be proper and responsible, for and toward the support, maintenance and reasonable comfort of my said brother, W. B. Brawley, during the term of his life.

"(c) In the event the said Trustee shall at any time deem the income from this trust estate to be insufficient, then the said Trustee is fully authorized and directed to disburse from the *corpus* or principal, from time to time, such sums as it shall deem necessary to provide for the purposes aforesaid, particularly for such necessities as may arise on account of prolonged illness, accident or other misfortunes which may be suffered by my said brother and so long as such necessities shall, in the opinion of the trustee, exist; and upon the death of my said brother, then

distribute the residue of this trust estate remaining to and among my next of kin, *per stirpes.*

"(d) This trust estate herein created shall include such additions as may fall to the share of my said brother, W. B. Brawley, under other provisions of this will hereinafter stipulated.

"FIFTH: I give, bequeath and devise the residue and remainder of my estate, both real and personal wheresoever situate, unto my sisters, Mrs. J. I. Betterly, now of Spartanburg, South Carolina, and Mrs. G. M. Carl, now of Charlotte, North Carolina, and to my brothers, S. J. Braw-ley, now of Lander, Wyoming, W. B. Brawley, now of Mooresville, North Carolina, J. W. Brawley, now of Greensboro, North Carolina, and the children of my deceased brother, J. F. Brawley, now of Mooresville, North Carolina, *per stirpes,* that is to say that the children of my deceased brother, J. F. Brawley, shall take collectively the said deceased brother's share; and the lawful issue of any above named brother or sister now living but who shall die prior to coming into possession of their respec-tive shares of my estate, shall take collectively his, her or their deceased parent's share, and in the event of the death of a brother or sister of mine without issue surviving to take, then the share falling to the said brother or sister shall revert and be distributed to and among the remaining shares under this item of this will. But this clause shall not be inter-preted so as to include distribution or legacies to my nephews, the children of my deceased brother, R. Vance Brawley.

"The share falling to my brother, W. B. Brawley, under this item of my will shall not be paid over to my said brother but shall be added to and become a part of the trust estate hereinbefore created for the benefit of my said brother under ITEM IV of this my last will and testament."

His Honor held that the appellants are not entitled to share as next of kin *per stirpes* in the residue of the trust estate, and entered judgment accordingly. The excluded nephews appeal and assign error.

*Woodson & Woodson for plaintiff, appellee.*

*Kerr Craige Ramsay and Clarence Kluttz for appellants.*

*Brooks, McLendon, Brim & Holderness for J. W. Brawley and wife, Margaret Lovill Brawley, Lucy Johnston Brawley, J. F. Brawley, Nona Brawley Betterly, R. Louis Brawley, Edmund S. Brawley, Vivian W. Brawley, Beulah K. Brawley, Ruth Brawley Reynolds, Marguerite P. Brawley, Individually and as Executrix of Estate of J. F. Brawley, and Reba B. Ward.*

*W. C. Coughenour, Jr., Guardian ad Litem for minor defendants.*

DENNY, J. In construing a will, the instrument should be considered from its four corners, and effect given if possible, to every clause, or

phrase and word therein. *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Lee v. Lee,* 216 N.C. 349, 4 S.E. 2d 880; *Bell v. Thurston,* 214 N.C. 231, 199 S.E. 93; *West v. Murphy,* 197 N.C. 488, 149 S.E. 731; *Roberts v. Saunders,* 192 N.C. 191, 134 S.E. 451; *Snow v. Boylston,* 185 N.C. 321, 117 S.E. 14; *McCallum v. McCallum,* 167 N.C. 311, 83 S.E. 350.

The primary object in interpreting a will is to ascertain what disposition the testator intended to make of his estate. *Carroll v. Herring,* 180 N.C. 369, 104 S.E. 892. "It is the accepted position in the construction of wills that unless in violation of some law the intent of the testator as expressed in the will shall be given effect and in ascertaining this intent the will shall be considered as a whole, giving to each and every part significance and harmonizing apparent inconsistencies where this can be done by a reasonable interpretation." *Snow v. Boylston, supra,* and cited cases.

It is quite clear that the testator did not intend for these appellants to share generally as next of kin *per stirpes,* in his estate. He expressed that intent very clearly in Items III and V of his will. Consequently, he gave to each of them $2,000.00, in lieu of a full share, and stated his reason for doing so. He further expressed the intent in Item V of his will, that the residue of his estate, which except for a few personal items, constituted all his estate, other than the legacies to these nephews in Item III and the trust estate set up in Item IV, should go to the beneficiaries named therein or the survivors thereof, *per stirpes,* to the exclusion of these nephews. However, it will be noted that the exclusion of the nephews in Item V was limited expressly to "this clause" and not to the will generally.

We think a careful consideration of the language contained in Items III and V of the will reveals an intent on the part of the grantor to make what he deemed to be an equitable distribution of his estate as between the children of his deceased brother, R. Vance Brawley, and the residuary legatees, because of the superior financial status of these particular nephews. But he does not use any language in making the final disposition of the residue that might be left in the trust estate, upon the death of the beneficiary of the trust, that would indicate an intention to exclude the appellants from participating in the distribution thereof. He expressly directs his trustee, upon the death of his brother, W. B. Brawley, to "distribute the residue of this trust estate remaining to and among my next of kin, *per stirpes."*

The primary purpose for creating the trust estate and including in the *corpus* thereof the share devised to W. B. Brawley under Item V of the will, was to provide for the "maintenance, support and reasonable comfort" of this brother. The trustee, if it had been necessary to do so, might have expended the entire *corpus* of the trust estate on him. There-

fore, the testator may not have considered the disposition of the residue of the trust estate of primary importance. On the other hand, he may have considered that the adjustment already made in the distribution of the major portion of his estate, met his conception of an equitable distribution thereof, and that he intended for these appellants to share as next of kin *per stirpes,* in the residue, if upon the death of his brother, there should be anything left in the trust estate. The language he used is sufficient to include them and will be so construed, unless a contrary intent on the part of the grantor can be gathered from the will as a whole. *Wheeler v. Wilder,* 229 N.C. 379, 49 S.E. 2d 737; *Robinson v. Robinson,* 227 N.C. 155, 41 S.E. 2d 282; *Trust Co. v. Board of National Missions,* 226 N.C. 546, 39 S.E. 2d 621; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *Holland v. Smith,* 224 N.C. 255, 29 S.E. 2d 888; *Williams v. Rand, supra; Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

The defendant appellees argue that since the testator expressly excluded the appellants from sharing in the residue of his estate, as set forth in Item V of the will, they should not participate in the distribution of the residue of the trust estate, since the share of W. B. Brawley, bequeathed and devised to him in said Item, constitutes a part of the trust estate. We do not concur in this view. The testator in creating the trust estate for the benefit of his brother, W. B. Brawley, stated therein that the trust estate should "include such additions as may fall to the share of my said brother, W. B. Brawley, under other provisions of this will hereinafter stipulated." And in the residuary clause in Item V of the will, it is expressly provided that the share falling to his brother, W. B. Brawley, under that Item of the will, was not to be paid over to him but was to be added to and become a part of the trust estate created in Item IV of the will. It seems clear, therefore, that the testator never intended for any residue of the share falling to his brother, W. B. Brawley, to be distributed to the next of kin as defined and limited in Item V of the will, but rather that any such residue should be distributed to his next of kin *per stirpes,* as provided in Item IV of the will.

The cases relied upon by the defendant appellees are distinguishable from the instant case.

In *Hoyle v. Stowe,* 13 N.C. 323, the testator stated that his daughter, Elizabeth, had received a certain bequest from her grandfather, and it was his will that with such bequest and the property he expressly bequeathed to her therein, that "she be content, without claiming or receiving any further dividend out of my estate . . ." After making other bequests and providing for the education of his children, the will contained a residuary clause with respect to certain funds, and directed that such funds should be "equally divided amongst my children, paying due respect to the foregoing reservations." The court very properly held that

Elizabeth could not participate in the distribution of these funds or in any other residuary assets of the estate.

In the case of *Harper v. Harper*, 148 N.C. 453, 62 S.E. 553, the testator left a holograph will in which he provided as follows: "In case of my death the enclosed insurance is for my three daughters, Edith, Fay and Mildred. Henry D. Harper, Jr., has had his full share out of mine and his mother's estate." He then requested the Citizens Bank of Kinston "to be trustee of my children." The Court held that Henry D. Harper, Jr., was not entitled to any benefits under the trust set up for the children, nor was he entitled to any part of the estate.

The testator in the instrument under consideration, however, did not expressly limit the appellants to the bequest of $2,000.00 each. He limited their legacies only in so far as his estate was bequeathed and devised under Items III and V of the will. There is no limitation or expression affecting the distribution of the trust estate, which in our opinion, indicates an intent on the part of the testator to exclude the appellants from participating in the distribution thereof. Hence, we hold the children of R. Vance Brawley, to wit, Robert V. Brawley, Boyden Brawley and James S. Brawley, the appellants herein, are included in the class entitled to share in the residue of the trust estate, as next of kin *per stirpes*, as provided in Item IV of the last will and testament of M. H. Brawley, deceased.

The judgment of the court below will be modified in accord with this opinion.

Modified and affirmed.