ROBERT B. FEATHERSTONE AND WIFE, HAZEL B. FEATHERSTONE; ETTA JONES CHAMBERS AND HUSBAND, J. E. CHAMBERS; W. READE JONES AND WIFE, FRANKIE W. JONES; JACK T. JONES, UNMARRIED; TOBY P. WINSTON, UNMARRIED; AND LUCILLE PASS, UNMARRIED, PETITIONERS, v. MRS. DALLIE M. PASS, WIDOW, DEFENDANT.

(Filed 7 July, 1950.)

**1. Wills §§ 31, 38—**

The general rule that lapsed, void, or rejected devises or legacies pass under the residuary clause of the will is subject to the rule that the intent of the testator as expressed in the instrument controls, and therefore where testator makes specific provision for the disposition of the property upon the failure of the devise or bequest, such property cannot fall into the residuary clause. G.S. 31-42.

**2. Wills §§ 34b, 38—**

Testator devised certain property to his sister for life, remainder to the county to be used as a charitable hospital, with further provision that if the property should not be so used, the county should forfeit the right of possession and title, and the property pass to testator's heirs at law. *Held:* Upon the renunciation by the county after the death of the life tenant, the remainder passes to testator's heirs in accordance with the expressed intent of testator, leaving no interest to pass under the subsequent residuary clause of the will.

**3. Wills §§ 33c, 33k, 43—**

Testator devised remainder after a life estate to the county for use as a charitable hospital, with further provision that in the event the county should fail to keep the property in a good state of repair and maintain and operate it as a hospital, the county should forfeit its right of possession and title. *Held:* The county was seized with a conditional fee to the premises upon the death of testator with right of possession postponed until the death of the life tenant, and renunciation by the county is tantamount to a failure to comply with the conditions imposed and is an act of forfeiture.

APPEAL by petitioners, Robert B. Featherstone and wife, Hazel B. Featherstone, from *Carr, J.,* at Chambers in Roxboro, N. C., 27 December, 1949.

This is a proceeding to obtain an interpretation of certain pertinent parts of the last will and testament of John C. Pass, a resident of Person County, North Carolina, who died 12 July, 1935.

The testator was a widower at the time of his death and was not survived by any children or grandchildren. He and his sister, Mrs. Lucy Pass Featherstone, resided together for many years in the home of the testator.

The pertinent parts of the will of John C. Pass, read as follows:

"2. I give and devise to my sister, Lucy Pass Featherstone, for the term of her natural life, and no longer, that certain block of property in the Town of Roxboro, lying in the corner of Foushee and Academy streets, and bounded on the North by Academy Street, on the East by the Noell lot, on the South by the lot owned by the estate of Dr. W. A. Bradsher, and on the West by Foushee Street, upon which is located a frame dwelling, and a new brick dwelling, and other buildings.

"3. Upon the death of the said Lucy Pass Featherstone I give and devise the property mentioned and described in section 2 above to Person County, in the state of North Carolina, to be equipped, maintained and used by said county as a hospital, which shall be known as the 'Lucy Pass Memorial Hospital.'

"The devise of this property is made to Person County upon the following terms and conditions: (a) That Person County, through its Board of Commissioners, or other legally constituted authority, shall equip, maintain and use said property continuously and without interruption as a hospital for the white race exclusively; (b) That no white person who is a *bona fide* resident of Person County shall be denied admission to and treatment in said hospital by reason of his or her financial inability to pay for care and treatment, but in order to obtain the benefit of this provision it shall be determined by competent authority that any such applicant is in actual need of hospital care and treatment

and that he or she is not financially able to pay for same. I desire this provision exercised in such a manner as to give as much worthy aid as possible, and at the same time so as to prevent imposition; (c) That in the event this property is not kept in a good state of repair and maintained and operated as a hospital continuously, except when such interruption is due to causes beyond the control of the governing authorities of Person County, and upon the failure to resume the operation of same within a reasonable time after said causes have been remedied or removed, then Person County shall forfeit the right of possession and the title to said property, and the heirs at law of the said John C. Pass shall have the right to enter and take possession of said property and the title to same shall be vested in them as tenants in common; (d) That no portion of said property shall be used for other than hospital purposes, and any violation of this provision shall operate as a forfeiture by Person County.

"14. I give and devise in fee to my sister, Lucy Pass Featherstone, all of the remainder of my property, of whatever kind or nature and wherever located."

The home of the testator was a part of the block of property described in Item 2 of the above will. And Lucy Pass Featherstone, the life tenant, died 19 August, 1948, leaving a last will and testament, in which she devised to her son, Robert B. Featherstone, any interest she might have in the aforesaid property.

The Board of Commissioners of Person County in regular session on 6 September, 1948, all members being present, rejected the devise under the aforesaid will.

The defendant, Mrs. Dallie M. Pass, and all the petitioners other than Robert B. Featherstone and wife, Hazel B. Featherstone, contend that the renounced property goes to the heirs at law of the testator under Item 3, subsection (c) of the will, while the appealing petitioners contend it goes under the residuary clause of the will, Item 14.

From a judgment to the effect that the heirs at law took the property under the terms of the will, Robert B. Featherstone and his wife, Hazel B. Featherstone, appeal, assigning error.

*R. B. Dawes, Spears & Hall, and Marshall T. Spears, Jr., for petitioners, appellants.*

*William D. Merritt and Royster & Royster for petitioners, other than appellants.*

*Fuller, Reade, Umstead & Fuller, Robert E. Long, and James L. Newsome for respondent, appellee.*

DENNY, J. The question for decision is simply this: Since Person County renounced the devise in Item 3 of the last will and testament of John C. Pass, who is entitled to the property?

The appellants contend that upon the renunciation of the devise by Person County, the property passed under the residuary clause of the will of the testator, and that Robert B. Featherstone is now the owner thereof as devisee under and by virtue of the terms of the residuary clause in the will of his mother, the late Mrs. Lucy Pass Featherstone.

The appellants are relying upon the provisions contained in G.S. 31-42, the pertinent parts of which read as follows: "Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained which shall fail or be void by reason of the death of the devisee in the lifetime of the testator, or by reason of such devise being contrary to law or otherwise incapable of taking effect, shall be included in the residuary devise (if any) contained in such will . . ."

It is settled law, in this jurisdiction, by reason of the provisions of the above statute, that where a contrary intent does not appear in a will, ordinarily a lapsed, void or rejected devise will pass under an effective residuary clause. *Faison v. Middleton,* 171 N.C. 170, 88 S.E. 141; *Reid v. Neal,* 182 N.C. 192, 108 S.E. 769; *Van Winkle v. Catholic Missionary Union,* 192 N.C. 131, 133 S.E. 431; *Privott v. Graham,* 214 N.C. 199, 198 S.E. 635; 57 Am. Jur. Wills, Section 1447, p. 971.

It is a rule of construction, however, that the intent of the testator as expressed in his will must control, unless contrary to some rule of law or at variance with public policy. *Buffaloe v. Blalock, ante,* 105, 59 S.E. 2d 625; *Elmore v. Austin, ante,* 13, 59 S.E. 2d 205; *Bank v. Brawley.* 231 N.C. 687, 58 S.E. 2d 706; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Trust Co. v. Shelton,* 229 N.C. 150, 48 S.E. 2d 41; *Trust Co. v. Board of National Missions,* 226 N.C. 546, 39 S.E. 2d 621; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247. Therefore, under the general rule of construction, applicable both to legacies of personalty and devises of realty, a residuary clause which ordinarily carries any lapsed or ineffectual gifts must yield to a contrary intention on the part of the testator. 57 Am. Jur., Wills, Section 1148, p. 973.

In the instant case the testator did express an intent to have this property go to his heirs at law, and not under the residuary clause, in the event there was a forfeiture by Person County. He expressly provided in the event of such forfeiture "the heirs at law of the said John C. Pass shall have the right to enter and take possession of said property and the title to same shall be vested in them as tenants in common." We think he made a complete disposition of this property and that under the

terms of the will there is no interest, contingent or vested, to fall into and pass under the residuary clause. *Sutton v. Quinerly,* 231 N.C. 669, 58 S.E. 2d 709.

The Supreme Court of Pennsylvania in passing on the identical point, which is now before us, in *In re White's Estate,* 174 P. St. 642, 34 A. 321, said: "The corporate action of the legatees, formally renouncing the legacies, because of their determination not to comply with the conditions implied by acceptance, is equivalent to an adjudicated forfeiture and warrants the claim of the Free Library." The residuary legatees in the above case made the same contention the appellants are making here; and the Free Library was in the identical status of the heirs at law of John C. Pass in the instant case.

It is said in Page on Wills (3rd Lifetime Ed.), Vol. 4, section 1412, p. 156, "If testator makes a specific gift over in the event that the legacy or devise in question is renounced or otherwise fails full effect will be given to such intention," citing *Board of Regents v. Wilson,* 54 Colo. 510, 131 Pac. 422; *Koenig v. Koenig,* 92 Kan. 761, 142 Pac. 261; *In re White's Estate, supra; Bradford v. Leake,* 124 Tenn. 312, 137 S.W. 96; *Milligan v. Greenville College,* 156 Tenn. 495, 2 S.W. 2d 90.

In our opinion the legal effect of the renunciation by Person County was tantamount to a failure to comply with the conditions imposed in the devise and was in itself an act of forfeiture. Person County had been seized with a conditional fee in the premises since 12 July, 1935. Its right of possession, however, had been postponed under the terms of the will until the death of Lucy Pass Featherstone, the life tenant.

The appellees contend that the doctrine of acceleration should be applied in this case in the same manner as it is applied in cases of dissenting widows, citing *Young v. Harris,* 176 N.C. 631, 97 S.E. 609, and similar cases. Be that as it may, we think it was the intent of the testator that if for any reason Person County should fail to accept the devise and comply with the conditions imposed, the title to the property was to vest in his heirs at law and we so hold.

The judgment of the court below is

Affirmed.