MARY PARKS BELL WEATHERS AND CARROLL W. WEATHERS, HER HUSBAND; LOUISE BELL MOFFITT AND H. A. MOFFITT, HER HUSBAND; HELEN BELL RANKIN AND HENRY H. RANKIN, HER HUSBAND; LILLA BELL WINSTEAD AND JACOB WINSTEAD, HER HUSBAND; AND ELEANOR BELL ALEXANDER AND JOHN W. ALEXANDER, HER HUSBAND, v. RALPH M. BELL.

(Filed 1 November, 1950.)

**1. Wills § 31—**

The intent of testator as gathered from the four corners of the instrument must be given effect unless contrary to some rule of law or at variance with public policy, and such intent is the will even though not within the letter, and a thing within the letter is not within the will if not also within the intent.

**2. Wills § 33g—Under terms of devise, marriage of devisee terminated her estate, and remainder vested in ultimate devisees.**

The will devised the *locus* to two daughters who were unmarried at the time of the execution of the will, so long as either of them remained single, with provision that if either married the property should be owned by the remaining single daughter for her lifetime, and at her death be equally divided among testatrix' living daughters. One of the designated daughters was married at the time of testatrix' death, and the other married subsequently. *Held:* The daughter who was single at the time of testatrix' death took an estate for life or so long as she remained single, and upon her marriage such estate was divested, and all the married daughters took a fee simple title as tenants in common.

APPEAL by defendant from *Bobbitt, J.,* at May Term, 1950, of IREDELL.

This is a controversy without action submitted on an agreed statement of facts, as authorized by G.S. 1-250.

Lilla Mann Bell died in Iredell County, North Carolina, on 24 April, 1949, seized and possessed of a house and lot in Mooresville, North Carolina. She left a last will and testament, which has been admitted to probate in common form, in which she devised the aforesaid property in the following language:

"I will and bequeath my house on South Academy St., Mooresville, to my husband, Dr. A. E. Bell his life time, and after his death the house with all of its furnishings is to be owned by Lilla and Eleanor, as long as either of them remain single.

"If either marries the property will then be owned by the remaining single daughter her life time and at her death to be divided equally among the living sisters or their heirs."

Dr. Bell, husband of the testatrix, predeceased her. Her daughter, Lilla, referred to in the first paragraph of the will, is the plaintiff Lilla Bell Winstead, who was married prior to the death of her mother, and Eleanor, referred to in the same paragraph of the will, is the plaintiff

Eleanor Bell Alexander, who was not married at the time of her mother's death, but has since married.

The *feme* plaintiffs and the defendant are the children of the late Dr. A. E. Bell and his wife, Mrs. Lilla Mann Bell, and the sole devisees and legatees under the will of the testatrix.

The defendant was not devised any interest in the real estate referred to herein, which was the family home place, but after the marriage of his sister Eleanor Bell, he entered into a written contract with the *feme* plaintiffs, by the terms of which he agreed to pay the sum of $2,000.00 for an indefeasible fee simple title to a one-sixth undivided interest therein, and the *feme* plaintiffs with their respective husbands agreed to convey said interest upon the payment of the aforesaid sum.

Pursuant to the execution of the aforesaid agreement, the plaintiffs executed and tendered to the defendant a warranty deed in form sufficient to convey a one-sixth undivided interest in fee simple in and to said property. The defendant declined to accept the deed and pay the purchase price as agreed, for the reason, as he contends, the plaintiffs cannot convey an indefeasible fee simple title thereto.

The court below held the *feme* plaintiffs are the owners in fee simple of the real estate devised in the aforesaid will, and entered judgment requiring the defendant to accept the tendered deed and to pay the purchase price for the one-sixth interest therein, in accordance with the terms of the contract. The defendant appeals and assigns error.

*Land, Sowers & Avery for plaintiffs.*
*Z. V. Turlington and W. R. Pope for defendant.*

DENNY, J. The defendant contends that his sister Eleanor, upon the death of the testatrix, became seized of a life estate in the real property in question, and that her subsequent marriage did not divest her of such estate; and, that not until her death is the property to be divided equally among her living sisters or their heirs.

The intent of the testatrix is the polar star that must guide us in the interpretation of her will. This intent is to be gathered from a consideration of the instrument from its four corners, and such intent will be given effect, unless contrary to some rule of law or at variance with public policy. *Featherstone v. Pass, ante,* 349, 60 S.E. 2d 236; *Buffaloe v. Blalock, ante,* 105, 59 S.E. 2d 625; *Elmore v. Austin, ante,* 13, 59 S.E. 2d 205; *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *Holland v. Smith,* 224 N.C. 255, 29 S.E. 2d 888; *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Culbreth v. Caison,* 220 N.C. 717, 18 S.E. 2d 136; *Smith v. Mears,* 218 N.C. 193, 10 S.E. 2d 659; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

*Stacy, C. J.,* in speaking for the Court in *Cannon v. Cannon, supra,* said: "In interpreting the different provisions of a will, the courts are not confined to the literal meaning of a single phrase. A thing within the intention is regarded within the will though not within the letter. A thing within the letter is not within the will if not also within the intention."

In applying the rules of construction to the will under consideration, we think the testatrix intended to devise to her daughters Lilla and Eleanor, who were her only unmarried daughters at the time of the execution of her will, the home place with all its furnishings, to be used by them so long as they or either of them remained single. It so happened that Lilla married before the death of the testatrix. Therefore, under the terms of the will, Eleanor alone became possessed of an estate for life or so long as she remained single. She married, thereby divesting herself of such estate, in favor of the ultimate devisees, the *feme* plaintiffs herein. This devise is analogous to a devise to a widow "during her widowhood." Such a devise is for life or until she remarries. *Sink v. Sink,* 150 N.C. 444, 64 S.E. 193; *Smith v. Smith,* 173 N.C. 124, 91 S.E. 721; *Alexander v. Alexander,* 210 N.C. 281, 186 S.E. 319.

The second paragraph of the will, which provides that "If either marries the property will then be owned by the remaining single daughter her life time and at her death to be divided equally among the living sisters or their heirs," must be construed in light of the limitation placed upon the devise in the first paragraph of the will.

It is our opinion, and we so hold, that upon the marriage of Eleanor Bell to John W. Alexander, her life estate terminated, and that the five daughters of the testatrix, who are the *feme* plaintiffs in this proceeding, are seized and possessed of an indefeasible fee simple title to the property herein described.

The judgment of the court below is
Affirmed.