HOMER SEAWELL v. OLIVER E. SEAWELL AND MATTIE GREEN SEA-
WELL, GILMER SEAWELL AND ELVA PHILLIPS SEAWELL, WILEY
PURVIS AND ORA BELL PURVIS.

(Filed 7 June, 1951.)

1. **Partition § 1c (1)—**

Where a tenant in common seeks a sale in lieu of actual partition, he has the burden of alleging and proving that actual partition cannot be had without injury to some or all of the interested parties, and this must be found as a fact by the court in order to support decree of sale, G.S. 46-22. Thus, when all the parties seek actual partition, a decree of sale for partition in the absence of allegation, proof or finding of such injury, is error.

2. **Wills § 31—**

The intent of testator as gathered from the entire instrument, either in express terms or by clear inference from particular provisions of the will and from its general scope and import, must be given effect, since the intention of testator is his will.

3. **Wills § 32—**

The presumption against intestacy will be used as an aid in ascertaining the intent of testator.

**4. Wills § 34e—Where description of share of each beneficiary is too indefinite to be given effect, court will nevertheless seek division of land in accordance with intent of testator.**

The will in suit by one item devised to one son the "dwelling house" and fifty acres of land to be cut off and surveyed from a 166 acre tract; by subsequent item devised to another son "the four room tenant house and fifty acres" to be cut off and surveyed from the tract so as to include the tenant house; and by another item devised to three named children the sixty-six acres remaining in said tract, share and share alike; and by later item stipulated that no land was devised to one daughter because testator had theretofore given her a tract of land. *Held:* Conceding that the description of the share of each in the land devised is too vague and indefinite to be sustained, nevertheless the devises are not void and the intent of testator will be effected by giving the first son one-fifth in value of the land, including that portion of the land upon which the dwelling house stands without taking into consideration the value of the dwelling house or the land within its curtilage, and in the same manner a one-fifth value in the land to the second son, not considering the value of the tenant house and the land within its curtilage, since the devise of the buildings includes the land upon which they are situate, and the remainder divided into three equal shares for each of the other three named beneficiaries, with right to equalization by assessment of owelty charges if necessary, with no share to the daughter excluded from participation in the real estate under the will.

**5. Partition § 4a—**

Where named devisees become tenants in common under the provision of a will, and seek actual partition of their respective shares, it is error for the court to join another child of testator, or her heirs, when such child was specifically excluded from participating in the realty under the terms of the will.

**6. Partition § 1c (1)—**

Where in proceedings for actual partition among tenants in common it is alleged that the prior sale of the timber from the land would aid in the equitable division of the land among the tenants, the court should consider the petition that the timber be sold and rule thereon in such manner as the facts warrant.

APPEAL by plaintiff from *Sink, J.,* September Term, 1950, MOORE. Petition for partition.

Catherine Alice Seawell died testate possessed of a tract of land situate in Moore County containing 166 acres. The pertinent parts of her will are as follows:

"THIRD. I give and devise to my son, Homer Seawell, the dwelling house where we now reside and fifty acres of land to be cut off and surveyed from the 166 acre tract, but not to include the four room tenant house on said tract, subject to the life estate of his said father, W. T. Seawell.

"FOURTH.  I give and devise to my son, Oliver E. Seawell, the four room tenant house and fifty acres of the aforesaid 166 acre tract of land, to be cut off and surveyed, so as to include the four room tenant house on said 166 acre tract of land, subject to the life estate of his said father, W. T. Seawell.

"FIFTH.  I give and devise to my other children, Floyd Seawell, Gilmer Seawell and Ora Bell Seawell Purvis the 66 acres, it being the remainder of the 166 acre tract of land, situated in said Ritters Township, Moore County, N. C., subject to the life estate of their said father, W. T. Seawell, share and share alike."

"NINTH.  I have not given my daughter, Edna Myrick any of my land and real estate in this my last will and testament, for the reason that I have heretofore given to her a tract of land, being my share in my father's old place."

In 1938, plaintiff instituted this proceeding for partition, claiming fifty acres of land including the dwelling house.  An order appointing commissioners was entered and the commissioners divided the land and made report to the clerk.  Exceptions to the report were filed by defendants Gilmer Seawell and Ora Bell Seawell Purvis, mainly on the ground that the life estate of the husband of testatrix was still outstanding and the property was not subject to partition among the owners of the remainder interest.

On 7 December 1942, the clerk enterd an order "that this proceeding be stayed or held in abeyance until the falling in of the said life estate of the said W. T. Seawell . . ." The proceeding thereafter remained inactive on the clerk's docket until 1948.  Ora Bell Seawell Purvis having died, the clerk, on 14 August 1948, appointed a guardian for her infant children.  The guardian filed an answer in which he asserts the original partition by the commissioners is void and moves to vacate the same. He attacks the third, fourth and fifth paragraphs of the will of testatrix for that they are too vague and indefinite to be enforced.  He also alleges that the timber on said land is so situated that a fair partition cannot be had until the timber is first sold.  He prays that commissioners be appointed to sell the timber for partition and that the land then be partitioned among the tenants in common, devisees named in the will.

On 14 July 1950, the clerk entered an order (1) vacating the former order of partition and the report of the commissioners; (2) adjudging that paragraphs Third, Fourth, and Fifth of the will are void and unenforceable, and that the devisees, including those named in said paragraph, are tenants in common of the whole tract in equal shares, except Homer Seawell is entitled to two-fifths by reason of the fact he has purchased the interest of Floyd Seawell; (3) ordering the sale of the timber for division and appointing commissioners to make the sale; and (4) directing the

county surveyor and two other commissioners, after the sale of the timber, to partition said land as prayed by the parties. Plaintiff excepted and appealed to the Superior Court.

When the appeal came on for hearing in the Superior Court, the trial judge ruled that (1) paragraphs Third, Fourth and Fifth of the will are void for indefiniteness; (2) the entire tract constitutes undevised real property belonging to the heirs of Catherine Alice Seawell as tenants in common under the canons of descent; (3) the land is incapable of actual partition; (4) the child or children of testatrix not parties to this proceeding be made parties; and (5) the will, with the exception of paragraphs Third, Fourth, and Fifth, is valid. He thereupon ordered that the land be sold for partition among all the heirs at law of testatrix and appointed commissioners to make sale. The commissioners were directed to divide the land into small parcels and to sell first the several parcels separately and then the tract as a whole and report their proceedings to the court. Plaintiff excepted and appealed.

*James H. Pou Bailey for plaintiff appellant.*
*Seawell & Seawell for defendant appellees.*

BARNHILL, J.  A tenant in common is entitled, as a matter of right, to a partition of the land to the end that he may have and enjoy his share therein in severalty, unless it is made to appear that an actual partition cannot be had without injury to some or all of the interested parties. G.S. 46-22; *Hyman v. Edwards,* 217 N.C. 342, 7 S.E. 2d 700; *Talley v. Murchison,* 212 N.C. 205, 193 S.E. 148; *Foster v. Williams,* 182 N.C. 632, 109 S.E. 834.

The burden is on him who seeks a sale in lieu of actual partition to allege and prove the fact upon which the order of sale must rest under the terms of G.S. 46-22, *Wolfe v. Galloway,* 211 N.C. 361, 190 S.E. 213, and before an order of sale may be entered, such fact must be found by the court. *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341.

In the absence of any allegation, proof, or finding that an actual partition cannot be had without injury to some or all of the parties, the court has no jurisdiction to order a sale.

Here all the parties seek an actual partition of the land. The record fails to disclose any evidence to support an order of sale other than a sale of the timber. The parties now assert that none was offered. The essential fact was not found by the court below. It did conclude "as a matter of law that the said 166 acres of land is incapable of division due to the indefiniteness of the description." It is evident, however, that the court was referring to the description of the share devised to plaintiff contained in the will, for the description of the whole tract makes reference to

creeks, branches, and lines of adjoining tracts as its boundaries, in addition to calling for courses and distances. So much of the order entered as denies actual partition and directs a sale must be held for error.

This brings us to the more serious question presented by the appeal: Do the parties claiming the land take as purchasers under the will or is the land undevised property descending by inheritance to all the heirs of the testatrix?

The court below held that paragraphs Third, Fourth, and Fifth of the will are void. The appellant concedes that, as to the *quantum* of the shares attempted to be devised in paragraphs Third and Fourth, the description is too vague and indefinite to be sustained. So then, that particular question is not presented for discussion or decision. The appellant does contend, however, that paragraph Third is sufficiently definite to vest him with title to the main dwelling; that paragraph Fourth vests his brother Oliver with title to the tenant dwelling; that he and Oliver are each to have a share of the land; and that the three children named in paragraph Fifth take title to the remainder after the allotment of the shares to plaintiff and Oliver Seawell. In this the appellees concur. They say in their brief:

"That items in the will or sections in the will marked 'THIRD,' 'FOURTH,' and 'FIFTH' are not void so far as these defendants are concerned, and the fact that the Court holds that the lands cannot be allotted to Homer Seawell and Oliver Seawell because of indefiniteness does not void the sections and cause other children of Catherine A. Seawell to be brought into the position of devisees when they are not mentioned in any one of these sections. From reading the will it is definite that Catherine A. Seawell wanted these heirs named to receive the 166 acre tract. It is unfortunate that she did not properly describe the fifty acres to Homer Seawell and the fifty acres to Oliver Seawell, and for this reason the land cannot be divided to those heirs except as to the whole and all of them would be tenants in common on the whole tract of 166 acres."

The contention of the appellant and the concessions of appellees pose an interesting question, the exact counterpart of which has not heretofore been decided by this Court. It is an axiomatic rule of construction that the intent of the testator as expressed by him is to be ascertained from the four corners of the will and that this intent is the guiding star which must lead to the ascertainment of the meaning and purpose of the language used. *Smith v. Mears,* 218 N.C. 193, 10 S.E. 2d 659; *Schaeffer v. Haseltine,* 228 N.C. 484, 46 S.E. 2d 463. The objective of construction is to effectuate the intent of the testator as expressed in the instrument. *Trust Co. v. Miller,* 223 N.C. 1, 25 S.E. 2d 177; *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205; *In re Will of Johnson, ante,* 570; *Williamson v. Williamson,* 232 N.C. 54, 59 S.E. 2d 214; *Buffaloe v. Blalock,* 232 N.C.

105, 59 S.E. 2d 625; *Weathers v. Bell*, 232 N.C. 561, 61 S.E. 2d 600. If the language used discloses an ascertainable intent, then that intent must be effectuated, *Bank v. Brawley*, 231 N.C. 687, 58 S.E. 2d 706; *Trust Co. v. Miller, supra,* for the intention of the testator is his will. *Jarrett v. Green,* 230 N.C. 104, 52 S.E. 2d 223.

The intention of testatrix need not be declared in express terms in the will, but it is sufficient if the intention can be clearly inferred from particular provisions of the will, and from its general scope and import. The courts will seize upon the slightest indications of that intention which can be found in the will to determine the real objects and subjects of the testatrix' bounty. 28 R.C.L. 218. And it is generally held that in seeking to discover this intention there is a presumption against intestacy. *Trust Co. v. Miller, supra.*

The will of testatrix, viewed in the light of these rules of construction, discloses her desire as to the disposition of her real property and effectively disposes of the whole tract owned by her at the time of her death. She devised to her son Homer Seawell "the dwelling house where we now reside" and to Oliver Seawell "the four room tenant house." These devises are definite and certain. The devise of the buildings included the land upon which they are situated—the messuage, *Tadlock v. Mizell,* 195 N.C. 473, 142 S.E. 713; *Blanton v. Boney,* 175 N.C. 211, 95 S.E. 361, and includes all that comes within the curtilage. *Broadhurst v. Mewborn,* 171 N.C. 400, 88 S.E. 628.

While plaintiff concedes he and his brother are not entitled to fifty acres of the land, each, for want of sufficient description, it is clear that the testatrix intended that plaintiff should have a share of her land and that it should be that share which included or surrounded the dwelling devised to him. The same is true as to her son Oliver.

It is equally certain that she intended that the remainder of the tract, after the allotment of shares to Homer and Oliver, should be equally divided among her three children named in the fifth paragraph, and that her daughter Edna Myrick should take no part of her real property.

This intent may be effectuated by the Commissioners appointed by the court. One-fifth of the land in value, including the main dwelling, but not including the value thereof or the value of the land within its curtilage, must be set apart and assigned to plaintiff. The same procedure as to the share of Oliver Seawell must be followed so that he may receive one-fifth of the land in value, not including the value of said tenant house and the land within its curtilage. The remainder of the tract must be divided into three shares of equal value, one of which will be allotted to plaintiff as grantee of Floyd Seawell and one each to Gilmer Seawell and the heirs of Ora Bell Seawell Purvis, with the right of equalization by the assessment of owelty charges, if necessary.

The court below adjudged the will valid as to paragraph "NINTH," and the effect of that paragraph is to exclude Edna Myrick from any further participation in the real estate of the testatrix. *Harper v. Harper,* 148 N.C. 453; *Thomason v. Julian,* 133 N.C. 309; *Hoyle v. Stowe,* 13 N.C. 318. It is not necessary that she, if living (or her heirs, if she is now deceased) be made parties to this proceeding as directed by the court below.

The court should further consider the petition of some of the parties that the timber be sold for division before the land is partitioned and rule thereon in such manner as the facts warrant.

The order entered in the court below is vacated and the cause is remanded for further proceedings accordant with this opinion.

Error and remanded.